## BURHANS and others *vs.* BURHANS and others.

A decree for a partition cannot be made unless all the persons interested in the premises are made parties to the suit.

A grant of lands is void, and passes no title whatever to the grantee, if at the time of the delivery of the conveyance of such lands, they are in the actual possession of a third person claiming under a title adverse to that of the grantor.

A party applying for a partition of lands must not only have a present estate in the premises, of which partition is sought, as a joint tenant or a tenant in common, but he must also be actually or constructively in the possession of his undivided share or interest in such premises.

It was the intention of the revisers to exclude a party from instituting a partition suit, for the partition of premises held adversely to him, until after he had obtained possession of his share of the premises, or some part thereof, by ejectment or otherwise.

Where a bill is filed for a partition of premises which are held adversely to the complainant, but there is nothing in the bill showing the adverse possession, the defendant must set up that defence by plea or answer.

But it is not necessary for the defendant to set up the defence of adverse possession specially, in his answer, or by plea, where the fact that the premises are held adversely to the complainant, is distinctly stated in the bill itself.

The proper course for the court, where the lands of which partition is sought are held adversely to the complainant, is to dismiss the bill, as prematurely filed; but without prejudice to the complainant's right to institute a new suit, for the partition of the premises, after he shall have obtained possession of his undivided share, or interest therein, by a recovery in an ejectment suit, or otherwise.

Rents or profits of premises sought to be partitioned, accruing while the land has been held adversely to the claim of the complainant, even if such rents and profits have been received by one who was a joint owner of the premises with the complainant, are not recoverable in the court of chancery, upon a bill for partition. They are more properly recoverable as mesne profits, in an ejectment suit brought for the recovery of the possession of the undivided share of the premises claimed by the plaintiff.

Burhans *v.* Burhans.

THIS case came before the chancellor upon an appeal from a decretal order of the late vice chancellor of the fourth circuit. In September, 1827, Cornelius Burhans the elder died, leaving his second wife, Anna Burhans, surviving, and five children by her, and six by his first wife, and four grandchildren, who were the issue of another child by his first wife, his only heirs at law. The bill in this cause was filed by some of the children and grandchildren, the issue of the first wife of the decedent, against the widow, and the four surviving children by the second wife, for a partition of the real estate of the testator, and for an account of the rents and profits thereof, received by the defendants Anna Burhans and Ira Burhans, since the death of Cornelius Burhans; and also for an account of the personal estate of the decedent which had come to their hands. And all the other descendants of the decedent, and other persons interested in his estate, were made parties to the suit. The complainants claimed title to undivided portions of the real and personal estate under a deed from the decedent, dated in January, 1817, to all his children who were then in existence, and to the issue of his son Peter who was then dead. And the bill alleged that immediately after the death of Cornelius Burhans, his widow, and Ira Burhans his eldest son by her, took possession of all the real and personal estate, mentioned in the deed of January, 1817, and that at the time of the filing of the bill in this cause, they continued to hold and possess the same, to the exclusion of the complainants, and had applied the personal property, and the rents and profits of the real estate, to their own use, and refused to account for the same, or any part thereof, to the complainants. The bill further stated that the defendants Anna Burhans and Cornelius Burhans, pretended to have taken possession of such real and personal estate, under an alleged will of the decedent, devising and bequeathing his real and personal estate to his widow and his children by her. But the complainants charged in their bill, that if any such will was made by the decedent, it was made by him when he was incompetent to dispose of his property by will.

The widow, and the decedent's children by her, except one

who died shortly after the death of his father, unmarried and without issue, put in their answers denying the due execution of the deed of January, 1817, and alleging that it was obtained from the decedent by fraud, and when he was incompetent to execute a will. They also insisted upon the due execution of a will, by him, about the first of September, 1827, by which he devised and bequeathed to his widow all his real and personal estate, during her widowhood, or until his youngest child by her, who was then about six years old, should arrive at the age of twenty-one; with a limitation over in fee to his sons by her, they paying a legacy to his daughter by her; and that the will also contained a provision that in case of the death of either of the devisees without issue, the share of such devisee should go to the survivors and to their sister of the full blood. And they admitted that under and by virtue of such will, the defendant Anna Burhans, immediately after the death of her husband, went into possession of the real estate in question, claiming title as a devisee thereof; and had continued to hold the same, to the exclusion of the complainants, and had received the rents and profits thereof for her own use, and for the support of her children, according to the provisions of the will. The answer further stated that the will was duly proved before the surrogate, shortly after the death of the testator, and that letters testamentary thereon were granted to the widow, as executrix, and to Ira Burhans, one of the executors named in the will; which executrix and executor thereupon took possession of the personal estate which was in the possession of the testator at the time of his death. The other defendants, except those who were infants, suffered the bill to be taken as confessed, and the infants put in a general answer by their guardian ad litem. Replications were filed and proofs taken in the cause. Before the proofs were closed, the bill was dismissed as to the defendant John C. Burhans, one of the grantees named in the deed of January, 1817; and he was examined as a witness for the complainants. But his testimony was suppressed by an order of the court. The cause was heard before the vice-chancellor, upon pleadings and proofs. He directed the bill to be

Burhans *v.* Burhans.

dismissed, so far as it sought for an account of the personal estate. And he ordered that so far as it sought a partition of the real estate, and an account of the rents and profits thereof, the suit should stand over, to give the complainants an opportunity to bring an ejectment to recover possession of the premises; to the end that if the deed of 1817 should be established, and the will of 1827 invalidated, partition might be decreed on further application to the court. He further directed, that if such ejectment suit was not brought within three months, the complainants' bill should be dismissed, with costs.

The defendant Anna Burhans, and her four surviving children, appealed from so much of the decree as directed the cause to stand over, to enable the complainants to bring an action of ejectment; with a view to a partition if they should be successful in the ejectment suit.

The following opinion was delivered by the vice chancellor.

WILLARD, V. C.   The main object of the bill in this case is to obtain partition of the real estate which it is alleged Cornelius Burhans, the ancestor of all the parties, by a deed bearing date the 4th of January, 1817, for the consideration of natural love and affection, conveyed to his children. A part of those grantees are the children of the said Cornelius by a former marriage, and four of them are children by his then wife, Anna Burhans, now his widow, who is also made a party defendant. After the date of that deed, the said Cornelius had another son by his said wife, Winslow Paige Burhans, who is still an infant, and is also a party defendant.

The widow of Cornelius Burhans, and his children by the second marriage, resist the partition. They deny the validity of the deed of the 4th of January, 1817; and they set up that the said Cornelius, before his death, to wit, on the 31st of August, 1827, duly made and published his last will and testament, whereby he devised his real estate to his four sons by the second marriage, to wit: Ira, William, Amy, and Winslow Paige, and charged them with the payment of a legacy of $600, and an outset of $150 to their sister Jane Catharine.

The will also made provision for his widow, and discharged the children by the former marriage of all claims against them for advances.

The bill is so drawn that this will is put in issue by the pleadings. All the children by the second marriage were infants when the deed of 4th of January, 1817, is alleged to have been made, or have been born since that time, and in fact were still infants when the will of the 31st of August, 1827, was published, and some were still infants at the putting in of the answer. The said Cornelius Burhans died soon after the date of his will, and it was duly admitted to probate, by the surrogate of Albany, on the 20th of November, 1827, and letters testamentary were granted thereon to Anna Burhans, (the widow,) and Ira Burhans, (one of the sons by the second marriage,) two of the executors named in said will, on the same 20th of November, 1827.

The answer alleges that the said Cornelius Burhans continued in the actual possession of the real and personal estate, after the deed of the 4th of January, 1817, up to the day of his death, claiming to be and was in fact the owner of it. The bill admits that he continued in the possession till his death, but alleges that it was under a verbal permission given by one of the grantees of the deed at the time it was executed.

A preliminary motion was made, by the counsel for the complainants, to strike out all the testimony on the part of the defendants which arises from the admissions of Cornelius Burhans, made after the deed of the 4th of January, 1817; upon the familiar principle that the confessions of a grantor, made subsequent to his grant, shall not be given in evidence to defeat it. This principle is not applicable to the present case. All the parties are volunteers claiming under Cornelius Burhans, the common source of title. None of them are purchasers for a consideration. The original validity of the complainants' deed is not admitted, but denied; and a possession in the grantor, in apparent hostility to that deed, is shown for over ten years, and the grantor in fact died in quiet and actual possession of the same premises. And that the possession as well as title of

Burhans v. Burhans.

the grantor, prima facie, devolved upon his widow and the devisees named in his will, who were then in possession as members of his family, are facts in substance asserted by the defendants, who defend under the will. Under these circumstances the declarations as well as acts of Cornelius Burhans, while in possession, were admissible in evidence, not only to characterize the nature of his occupancy, but also in connection with other facts to invalidate the grant itself. If they are admissible for any purpose, and to any extent, they are not to be suppressed; and the court will see that no improper use is made of them.

The defendants' counsel has also made a motion to suppress the deposition of John C. Burhans. He is one of the children of Cornelius Burhans by a former marriage, and is a grantee in the deed of January 4th, 1817. The deed is in fact in his handwriting, and he is the one who procured it to be executed. He was originally made a party defendant, and suffered the bill to be taken as confessed against him. On the day however that he was examined as a witness, an order was entered dismissing the bill as to him. This obviated the technical difficulty. But he still had an interest in upholding the deed of the 4th of January, 1817, and in defeating the will of August 31st, 1827. To remove this interest, he had previously, on the 8th of January, 1838, executed a release, or quit-claim deed, of all his right and title, interest, lien or claim and demand which he had to the estate, real and personal, of which Cornelius Burhans died seised or possessed, to Mahlon Wing, his heirs, executors and administrators. That deed purports to be for the consideration of two hundred dollars, the receipt whereof is acknowledged, and contains a covenant to execute such further conveyances as may be necessary · to perfect said Wing's title to the property and estate thereby intended to be conveyed.

That deed, or release, does not restore the competency of the witness. It was made during the pendency of this suit, and near six years after its commencement, to a person not a party to the suit, and not in possession of the lands, and who never

had been in possession, and by a person not in possession, and who never had been in the actual possession thereof. The subject matter of the grant forms the gravamen of the present controversy. The defendants, who claim under the will of 1827, were in the actual and exclusive occupancy of the premises, having succeeded to the possession of their devisor, who died in possession. The release therefore is void, as being against the statute of champerty. (2 *R. S.* 691, § 6.)

But there is another objection to its restoring the competency of the witness. It contains a covenant for further assurance. John C. Burhans has an interest that this court should sustain the deed of 1817; because in that event, if the deed is valid at all, it will convey to Wing a good title, and he will thus be relieved from his covenant. The testimony of John C. Burhans must therefore be suppressed.

This brings us to the question whether such a case is made, by the pleadings and proofs, as will warrant a decree in partition. The statute relative to the partition of lands, (2 *R. S.* 317, 1*st ed.*) evidently contemplates that a proceeding in partition is not to be carried on, except where the parties "*hold and are in the possession of lands,*" &c. It does not contemplate a case where the title of one or more of the parties is disputed. The statute, it is true, mainly relates to proceedings in the common law courts, and to partition in chancery by *petition.* It affords, however, a safe rule for all cases. The bill in this case is a proceeding at common law, and not under the statute. The jurisdiction of chancery, in awarding partition, is well established by a long series of decisions. But the court does not sustain the bill, unless the title is clear. In the case of *The Bishop of Ely* v. *Kenrick,* (*Bunb.* 322,) a bill for partition was dismissed because the title was denied. In another case, (*Cartwright* v. *Pultney,* 2 *Atk.* 380,) Lord Hardwicke observed, that where there were suspicious circumstances in the plaintiff's title, the court would leave him to law. These and other cases are approved by Chancellor Kent, in the early case of *Wilkin* v. *Wilkin,* (1 *John. Ch. Rep.* 111,) and the

Burhans v. Burhans.

doctrine has never since been questioned. (*Cox* v. *Smith*, 4 *John. Ch. Rep.* 271. 3 *Id.* 302.)

The revised statutes made some alteration in partition cases; and although they mainly related to proceedings in common law tribunals, yet as far as applicable, they have been followed by this court. (2 *Paige*, 28.) In *Jenkins* v. *Van Schaack*, (3 *Paige's Rep.* 242,) the chancellor concedes that a suit for partition cannot be sustained, either at law or equity, where there has been an actual ouster by one tenant in common of his co-tenant, or where there has been an adverse possession. In such cases, he thinks the complainant must first regain possession by an ejectment. (*See Revisers' Notes to §§* 1, 19; *Clapp* v. *Bromaghan*, 9 *Cowen*, 530.) The latter case was decided under the former statute, but the doctrine of the decision, so far as it is applicable to this question, is law at this time. The remarks of Chancellor Jones, who delivered the opinion of the court of errors, at page 560 and 561, are in point to show that an adverse possession of these defendants, who claim under the will of 1827, though for less than twenty years, is a bar to a recovery in partition.

That an adverse possession commenced as early as the entry by those who claim under the will of 1827, after the death of Cornelius Burhans, cannot with propriety be disputed. The moment such adverse possession commenced, the complainants and defendants ceased to occupy as tenants in common. There is no doubt, I think, that the claim of the defendants under the will of 1827, was such an ouster of those claiming under the deed of 1817, or by descent, as would have enabled the latter to maintain an ejectment. It was a denial of the tenancy in common. In short, it was a disseisin of their co-tenants.

This view of the matter forms a decisive objection to the complainants' right of recovery. It would be enough, to prevent a decree, to throw a doubt over the complainants' title. That their title is denied upon probable ground, is obvious to me. I shall not sift the evidence and pronounce upon it, as it does not become necessary for the discussion of this cause.

The remaining object of the bill is to obtain an account of

Burhans v. Burhans.

the personal estate of Cornelius Burhans, deceased, and the rents and profits of the realty. The probate of the will of the 31st of August, 1827, is a decisive answer to this claim for the personalty. The probate is conclusive until reversed on appeal. The decision of the surrogate cannot be overhaled in this collateral way. If there is any remedy, it is in another forum. The rents and profits may depend upon the question of title.

I will let the cause stand over for a time to give the complainants, or any of the parties, an opportunity of bringing an ejectment for the premises in question. And in case such ejectment is brought within three months, the bill is to remain in *statu quo* until the decison of such ejectment, to the end that if the deed of 1817 is established, and the will of 1827 is invalidated, partition may be decreed; if otherwise, or if no suit is brought within three months, the bill to be dismissed with costs.

*M. T. Reynolds,* for the appellants. 1. The defendants Anna Burhans, and those holding under the will of Cornelius Burhans, being in possession at the time of filing the bill, and for many years previous, and holding openly adverse to and exclusive of the complainants, the latter are not entitled to demand a partition; whatever may be their true title. 2. The bill having been dismissed as to John C. Burhans, who by the bill is declared to be a tenant in common, no decree in partition can be made in this suit; whatever may be the result of the suit in ejectment. 3. The circumstances under which the pretended deed of gift was obtained were such, as not to render it proper that a court of equity should lend its aid to the complainants, but to leave them to their remedy at law.

*B. R. Wood,* for the respondents. 1. The assertions of Cornelius Burhans, the grantor, cannot be received to invalidate his own deed. The law is, that declarations must be accompanied with some act. It is after all the act, not the declaration. 2. At the time the deed was executed, he knew its nature and was competent to make it. There is no pretence that it

was intended as a will, or that he thought he was making one. To make it such, it should contain some clause showing it inoperative until after the death of the person making it. That he knew the nature of the instrument, is fully proved, and is not disproved by a single assertion he ever made. 3. He, the grantor, considered it a valid deed, and acted under it as such in negotiating with his children and paying them money. Though at times, for the sake of peace with his wife, he made some stir in the matter, yet he never intended to invalidate that deed. 4. But whether competent or not, if the grantor, with a knowledge of this deed and of the course necessary to be taken to set it aside, neglected to do so in his lifetime, it cannot be done for him now by others. And unless it can be shown that the complainants have all released their interest, it is valid as to them. There is no proof of such release. 5. The court should retain the cause until the trial of the ejectment suit, on the defendants paying the costs of appeal.

THE CHANCELLOR. It is very evident from the state of the pleadings, and the facts as they appear in evidence, that no decree for a partition can be made in this cause, even if the complainants should succeed in recovering the possession of an undivided portion of the premises in an ejectment suit. If the deed of 1817 was valid, John C. Burhans was entitled to one undivided eleventh part of the premises in question, under that deed, and to one undivided eleventh of another eleventh, as one of the heirs at law of his half-brother William. No partition, therefore, could be made in a suit to which he was not a party. And the complainants having voluntarily dismissed their bill as to him, cannot obtain a decree for partition in this suit as to any of the other defendants. For, at the hearing, those defendants will have a right to insist that all the necessary parties are not before the court, to enable the court to decree a partition between them. Even if the deed from John C. Burhans to one of his co-defendants, which was given after the issue was joined in this cause, had purported to convey the interest in the premises which he acquired under the deed of January

1817, which it does not, no title whatever would have passed to the grantee in that deed. For it appears by the complainants' bill, as well as by the answers of the appellants, that at the time of the attempted conveyance from John C. Burhans, to one of his co-defendants, the whole of the premises were held adversely, not only to him but to Mahlon Wing, the grantee in that deed. And every grant of lands is void, and passes no title whatever to the grantee, if at the time of the delivery of the deed such lands are in the actual possession of a third person claiming under a title adverse to that of the grantor.

Again; the complainants, at the time of the commencement of the present suit, were neither actually nor constructively in possession of the premises of which partition is sought; but the whole of such premises were possessed and claimed under the will of Cornelius Burhans, adversely to the claim of the complainants as a part of the heirs at law of the decedent, as well as to their claim under the deed of January, 1817. Indeed, it is apparent from the evidence, that Cornelius Burhans, the elder, must have held and claimed the premises, adversely to the title supposed to have been obtained under the deed of 1817, for some years previous to his death. And the counsel for the appellants is right, in supposing that no decree for a partition can be made in this suit, which was commenced while the whole of the premises were held adversely to the title of the complainants; even if such complainants should succeed in the ejectment suit contemplated by the decretal order appealed from. The authority to commence a suit in the supreme court, for the partition of land, is contained in the first section of the title of the revised statutes, relative to the partition of lands owned by several persons. (2 R. S. 317.) And by another section of that title, the same authority is given to this court to decree a partition. The first section clearly contemplates that the party applying for partition must not only have a present estate, as tenant in common, or joint tenant, in the premises of which partition is sought, but must also be actually or constructively in the possession of an undivided share or interest in such premises. The language of the statute is,

" where several persons shall hold *and be in the possession of* any lands, tenements or hereditaments, as joint tenants, or tenants in common, any one or more of such persons, being of full age, may apply for a division or partition of the premises." And the sixteenth section of the same title, authorizes any party appearing in the suit to set up, as a defence, that the plaintiffs, or any of them, at the time of the commencement of the suit, were not in possession of the premises, or any part thereof. (2 *R. S.* 320.) Whether this was a new principle introduced into the present revision of the laws, or was in accordance with the decision of the court for the correction of errors in *Clapp* v. *Bromagham*, (9 *Cowen's Rep.* 530,) it is not necessary now to inquire. For it is evident, from the revisers' notes to the first and seventeenth sections of this title of the revised statutes, as reported by them, that they intended to exclude a party from instituting a partition suit, for the partition of premises held adversely to him, until after he had obtained possession of his share of the premises, or of some part thereof, by ejectment or otherwise. In their note to the first section they say they have inserted the words "be in actual possession," to remove a doubt which existed upon the statute then in force; as explained more fully in their note to section seventeen. And in their note to the seventeenth section, which authorized the defendant to set up, as a defence, that the petitioners, or any of them, were not in possession of the premises, or any part thereof, at the time of the commencement of the suit, they say: "It is believed that the policy of the act will be promoted by requiring that the petitioners shall be actually in possession of some part of the premises." It is true, these two sections refer to proceedings for partition instituted by petition, in courts of law. But the eightieth section of the same title applies the same principle to suits for partition in this court; whether the suit here is instituted by petition or by bill.

In the case of *Jenkins* v. *Van Schaack*, (3 *Paige's Rep.* 242,) where there was nothing in the complainant's bill showing that the premises were held adversely to his claim, this court held that it was not necessary for him to aver that he was in pos-

session of the premises of which partition was sought, as that fact would be inferred from the allegation that the parties were seised as tenants in common ; and that if the complainant had been ousted of his possession, or if the premises were held adversely, the defendant should set up that defence by plea or answer. That has been done in the present case by some of the defendants. It is not necessary, however, for the defendant to set up the defence of adverse possession specially in his answer, or by plea, where, as in this case, the fact that the whole premises are held adversely to the complainants is distinctly stated in the bill itself. The proper course for the court in such a case is to dismiss the complainant's bill as prematurely filed ; but without prejudice to his right to institute a new suit, for the partition of the premises, after he shall have obtained the possession of his undivided share or interest therein, by a recovery in an ejectment suit or otherwise.

The rents and profits of the premises accruing while the land has been held adversely to the claim of the complainants, even if such rents and profits had been received by one who was a joint owner of the premises with the complainants, are not properly recoverable in this court upon a bill for partition. Or rather, they would be more properly recoverable as mesne profits, in an ejectment suit brought for the recovery of the possession of the part of the premises claimed by the complainants. In the present case, however, they have not been received by either of the defendants who are alleged to be tenants in common with the complainants ; but by Anna Burhans the widow, who is not a tenant in common with any of the other parties. For she never was a tenant in common with the complainants, either under the deed of January, 1817, or as one of the heirs at law of Cornelius Burhans the elder. She entered into the possession of the premises, and has continued in such possession, as the devisee of her deceased husband, during her widowhood, or until her youngest child should have attained the age of twenty-one. And if she was not entitled to such possession, the remedy of the complainants, to recover the rents and profits received by her, is by a suit or proceeding at law ; after they shall have

established their right to the possession of the premises, by an ejectment suit against her.

The part of the decree of the vice chancellor which is appealed from is therefore erroneous, and must be reversed with costs. And the part of the complainants' bill which seeks a partition of the premises and an account of the rents and profits thereof must be dismissed. And the complainants must pay to the defendants who have appealed, their costs of the suit to be taxed. But the dismissal of this part of the bill must be without prejudice to the right of the complainants, at law if they have any, to recover the possession of the undivided interests which they claim in the premises, and to recover the mesne profits thereof. And it must also be without prejudice to the right of the complainants to apply for a partition, after they shall have established their rights, as tenants in common, either in an ejectment suit or otherwise, or shall have obtained the actual possession of the premises, or of some part thereof, as such tenants in common.