HARRIET N. FLORENCE, Appellant, v. EUPHEMIA HOPKINS, etc.,
                          Respondents.

To maintain an action for the partition of lands, the plaintiff must, at the
   time of its commencement, have actual or constructive possession in
   common with defendants. A subsisting adverse possession is an absolute
   bar.
The possession of one of several tenants in common may become adverse,
   when his acts amount to an exclusion of his co-tenants; and, until the
   excluded parties regain their possession, no one of them can bring parti-
   tion. The duration of the adverse possession is immaterial.

(Argued April 28, 1871; decided September 2, 1871

APPEAL from judgment of the late General Term of the
second judicial district, affirming a judgment entered in West-
chester county upon the report of a referee, dismissing plain-
tiff's complaint.

On the 30th November, 1808, Peter Florence died seized
in fee of the premises described in complaint, leaving a widow
and six children, and also leaving a last will and testament,
containing a general power in trust to his executors to sell the
real and personal estate.

Benjamin Florence, one of the sons of deceased, continued
to reside on the premises, and had the use and control thereof.

On the 13th July, 1811, the executors, in their own names,
executed to said Benjamin a warranty deed of the premises;
consideration expressed, $1,250; the widow joining in the
deed. Mortgages were given for the purchase-money, which
were subsequently foreclosed. The premises were sold and
conveyed, by master's deed, to Minot Mitchell, October 24,
1827, who on the 26th April, 1828, conveyed the same, by
quitclaim deed, to said Benjamin Florence, who on the 1st
November, 1859, conveyed it to his two daughters, Euphemia
Hopkins and Mary Ann Lawton, and on the 18th September,
1866, the latter conveyed the undivided one-half to the
former.

Benjamin Florence retained possession of the premises until
his death, which occurred in September, 1865. None of the

other heirs of the testator interfered in the management, or participated in the enjoyment of the same.

After his death his two daughters had possession until the deed to Euphemia Hopkins, who has occupied it since that time, claiming to be the owner in fee.

*Samuel Hand,* for appellant.    That the will gave the executors simply a naked power in trust.    (*Waldron* v. *McComb,* 1 Hill, 111 ; *Bloomer* v. *Walden,* 3 Hill, 363, 372; *Allen* v. *De Witt,* 3 Comst., 276.)    The deed given was void. *(Nixon* v. *Hyserott,* 5 Johns., 58 ; *Clark* v. *Davenport,* 1 Bos., 117.)    Benjamin Florence was disqualified from purchasing.    (*Judson* v. *Gibbon,* 5 Wend., 229 ; *Weaver* v. *Marvin,* 14 Barb., 376 ; *Van Horn* v. *Fonda,* 5 John., Ch., 388 ; *Briggs* v. *Davis,* 20 N. Y., 15.)    The title under the foreclosure was void.    (*Requa* v. *Holmes,* 16 N. Y., 193 ; 26 N. Y., 338.) The deed from Mitchell inured to benefit of estate.    (*Van Horn* v. *Fonda,* 5 Johns., Ch., 388 ; *Torry* v. *Bank of Orleans,* 9 Paige, 649 ; *Iddings* v. *Breen,* 4 Sandf. Ch., 223.) A party not required to elect until all the facts are known. (2 Story Eq. J., § 1097, 1098 ; *Dennistown* v. *Hubbell,* 10 Bos., 166.)    The same rule applies to ratification and waiver. (*Hayes* v. *Stone,* 7 Hill, 132 ; *Semour* v. *Wyckoff,* 10 N. Y., 213 ; *Nixon* v. *Palmer,* 8 id., 398 ; 2 Greenleaf, Ev., § 66 ; *Cumberland Co.* v. *Sherman,* 30 Barb., 575 ; *Medrand* v. *Girod,* 4 How. U. S., 560.)    The statute of limitations not applicable.    (*Yeller* v. *Eckers,* 4 How. U. S., 289 ; *Edwards* v. *Bishop,* 4 Comst., 61 ; *Clapp* v. *Bromagham,* 9 Cow., 555.) There was no adverse possession.    (*Bradstreet* v. *Clark,* 12 Wend., 602 ; *Livingston* v. *Peru Iron Co.,* 9 Wendell, 512; *Crary* v. *Goodman,* 22 N. Y., 170 ; *Humbert* v. *Trinity Church,* 24 Wend., 586 ; *Crary* v. *Goodman,* 22 N. Y., 170 ; *Jackson* v. *Dennison,* 4 Wend., 558 ; *Cook* v. *Travis,* 20 N. Y., 400 ; *Calkins* v. *Isbell,* 20 id., 147 : *Requa* v. *Holmes,* 26 N. Y., 338 ; *Devoe* v. *Fanning,* 2 Johns. Ch., 252 ; *Van Horn* v. *Fonda,* 5 id., 416 op.; *Prescott* v. *Neevers,* 4 Mason, 334 ; Angell on Limitations, § 418 ; *Baker* v. *Whiting,* 3

Sumner, 476.)    Mitchell's deed was taken subject to the trust. (*Smith* v. *Bowen*, 35 N. Y., 83; *Johnson* v. *Batsdory*, 11 Johns., R., 97 of op. ; *Fisher* v. *Fields*, 10 id., 506 of op.; *Wormley* v. *Wormley*, 3 Wheaton, 421; *Allen* v. *De Witt*, 3 Comst., 276.)

*J. W. Tompkins*, for respondent.    That partition cannot be maintained.    (Van Sandford's Equity Pleading, 305; 2 Barb. Ch'y, 408; 5 Denio, 385; 1st Edition Crary's Special Proceedings, 317, 319; 11th N. Y. Legal Observer, *Stryker* v. *Lynch*, 116; 2 Rev. Stat., 5th ed., p. 30, § 167; 17th Abbott's Practice Reports, 452; 34 Barb., 56.)    Plaintiff's claim of ignorance does not excuse delay in bringing action. (5 Barnwell & Cress, 149; 20 Wend., 587; 20 John., 33; 5 Wend., 17, 30, 202; 24 Wend., 587; 9 John, 174; 10 John., 356; 13 John., 118; 18 John., 40, 355; 9 Wend., 511.)    A conveyance by a trustee sufficient foundation for an adverse possession.    (5 Cowen, 101; 3 Cowen, 229; 12 Wend., 602, 675; *Bradstreet* v. *Clark*.)    The question of good faith is immaterial.    (24 Wend., 587, 603; *Humber* v. *Trinity Church*, 26 Barb., 383, 402; Sand. Ch., 633, 738.) The action is barred.    (*Bailey* v. *Jackson*, 16 John., 210; 10 Wend., 363.)

RAPALLO, J.    To maintain an action for the partition of lands, the plaintiff must, at the time of the commencement of the action, have an actual or constructive possession, in common with the defendants, of the land sought to be partitioned. Where the premises are held adversely, the party out of possession cannot try the question of his title in this form of action. A subsisting adverse possession, is an absolute bar to the action.    It is intended for the partition of lands in the possession of part owners, and not for the recovery of the possession of premises held adversely.

This was the rule of the common-law.    If one coparcener disseized another, during the disseizin, a writ of partition would not lie between them; and the reason was, that they

did not hold together and undivided. (Co. Litt., 167, 6; 16 Viner., 225, partition 1.)

Though adverse possession and disseizin may not be in all particulars identical, their effect is the same for the purpose of terminating a possession in common.

The Revised Laws of 1813, 1 R. L., 507, authorized proceedings for a partition where lands were *held* in joint tenancy, tenancy in common, or coparcenery.

Under that act it was decided by the Court of Errors in *Clapp* v. *Bromagham* (9 Cow., 530), decided in 1827, that an adverse possession for twenty years was a bar to proceedings for partition; but the chancellor, in delivering the opinion of the court, intimated very clearly, that an adverse possession for a shorter period, would have the same effect upon the suit of a party who was out of possession. He declined, however, to decide that point; and I do not find that it has been expressly passed upon by this court.

In the Revised Statutes the provision of the revised laws relating to partition was made more explicit. By 2 R. S., p. 317, § 1, the right to institute proceedings by petition is limited to cases, where several persons " shall hold and be in the possession of lands as joint tenants or tenants in common; and by section 79 of the same title (page 329), it is provided, that the Court of Chancery shall have the same power upon petition or bill filed in that court, to decree partitions and sales of lands, etc., as is given to the common-law courts in like cases. From the reviser's notes to section 1, and to sections 16, 17, 18, 19 of the same title, it appears that the section originally proposed, required that the petitioner or complainant should be in the " actual " possession. They express the belief that the policy of the act will be promoted, by requiring that the petitioner shall be actually in possession of some part of the premises, and seem to regard the case of *Clapp* v. *Bromagham* as declaring such to be the existing law.

The word " actual " was left out of the provision as adopted, but possession, actual or constructive of the moving party is

still required; and by section 16 it is a good plea, that the petitioners are not in possession of the premises or any part of them, or that the defendants did not hold the premises together with the petitioners, at the time of the commencement of the proceedings.

Possession usually follows the legal title when no adverse possession is shown, and consequently, when the lands are unoccupied, the possession will be deemed to be in those having the title (*Brownell* v. *Brownell*, 19 Wend., 369; *Beebee* v. *Griffing*, 14 N. Y., 235); and when one of several tenants in common is in possession, his possession will, in the absence of any act of ouster on his part, inure to the benefit of all.

But even the possession of one of the tenants in common, may become adverse by acts on his part amounting to an exclusion of his co-tenants; and, if he convey the whole of the premises to a third party, and the purchaser takes actual possession, claiming the whole, it is certain that the possession of such purchaser is adverse, and is not the possession of the former co-tenants of his grantor. (9 Cow., 562.) The moment such adverse possession commences, the holding in common is terminated, and until the excluded parties regain their possession by the appropriate action, I do not see how they can bring themselves within the provision of the statute or the rule of the common-law. It would be utterly incongruous to hold, that where ejectment would lie, the plaintiff has possession which would entitle him to bring partition. The duration of an adverse possession is material, upon the trial of the question of title in an action to recover possession; but it cannot be material in determining where the possession was at the time of the commencement of the action. These views are maintained in the cases of *Jenkins* v. *Van Schaack* (3 Paige, 242); *Burhans* v. *Burhans* (2 Barb. Ch., 398); and *Matthewson* v. *Johnson* (Hoff., 560), as well as by the reasoning of the chancellor in the case of *Clapp* v. *Brumagham*, before referred to.

In the case at bar, the respondent by her answer, sets up title in her father, Benjamin Florence, to the whole of the premises in controversy, a conveyance of the whole of the premises from him to her and her sister Mary Ann, subject to his possession during his life, and a conveyance from Mary Ann of her share, and avers, that by means of such conveyances, she (the respondent) became, and ever since has been, and is, the sole owner in fee of the premises sought to be partitioned, and denies that any of the parties to this action, except said respondent, have, or own, or are entitled to, the lands described in the pleadings, and now owned or possessed by her, or any estate or interest therein; and she denies the plaintiff's right to the relief asked for. These averments constitute a sufficient denial of a holding in common, and without regard to the questions raised as to the title and possession of Benjamin Florence, they constitute, if sustained by proofs, an insuperable bar to this action.

The conveyances were duly proved, and are found by the referee. The respondent testified on the trial, that she and her sister Mary Ann had possessed the farm, and claimed to own it, from the time of her father's death, which happened in September, 1865, until Mary Ann deeded to her, September, 1866, and that she had lived there ever since. The referee finds, that the defendant Euphemia and her grantor have been in possession of the property since the year 1828, claiming to be the owners in fee under the deed from Minott Mitchell and wife to Benjamin Florence; and he also sets forth in his findings the conveyance from Benjamin Florence, and from Mary Ann Florence to Euphemia.

It is not necessary to examine the correctness of the decisions of the referee, in regard to the possession and title of Benjamin Florence. A subsisting adverse possession by Euphemia, at the time of the commencement of the action is clearly established; and though of comparatively short duration, it is sufficient to bar this action, and sustain the referee's conclusion dismissing the complaint. This result could not be varied by any disposition, which might be made of the

other questions raised in the case ; and the judgment should, therefore, be affirmed with costs.

All concur but C<span>HURCH</span>, Ch. J., not voting

Judgment affirmed.