HEWLETT, appellant, v. WOOD *et al.*

*Partition — action by heir to avoid will — right to jury trial.*

Plaintiff, one of the lawful heirs of a testator, brought action for the partition of the real estate whereof the testator died seized, alleging in the complaint that the last will of testator, devising such estate, was void. (Laws 1853, chap. 238.) *Held,* that a refusal of the special term to settle issues in the action to be tried by a jury was error.

APPEAL from an order of the special term of Kings county, denying a motion by the plaintiff for the settlement of issues, and that the same be tried by a jury.

The action was originally brought by Nelly Hewlett against Samuel Wood and others, for the partition of certain real estate of which Abraham Wood died seized. Said Abraham Wood left surviving him a brother, the defendant Samuel Wood, and a sister, the original plaintiff, Nelly Hewlett, his only heirs. He left a last will, the provisions of which were not satisfactory to said Nelly Hewlett. This action was therefore commenced by her in pursuance of the act of 1853, chap. 238, nominally to obtain a partition of the real estate mentioned, but really to obtain a construction of the will which the complaint alleged was void. The action was brought in August, 1869; a trial was had at a special term before Mr. Justice TAPPAN, in November, 1870, which resulted in a judgment dismissing the complaint. From this judgment plaintiff appealed to the general term; pending this appeal, Nelly Hewlett died, and Abraham Hewlett was substituted as plaintiff in her place. The general term affirmed the judgment, and plaintiff apealed to the court of appeals which reversed the judgments below and ordered a new trial. Plaintiff, upon proper affidavits, now made the motion appealed from which was denied by the special term held by Mr. Justice GILBERT, in December, 1873.

*E. T. Schenck,* for appellant.

*A. Wakeman,* for respondents.

TALCOTT, J. This was an action in form for a partition, but it appears that the real question in controversy is as to the validity of

a devise made by Abraham Wood, who died seized of the property in question. The defendants are in possession of the property, claiming under the will sought to be impeached, and denying the title of the plaintiff as heir at law. In such a case no decree for the partition could have been made before the act of 1853. *Burhans* v. *Burhans*, 2 Barb. Ch. 398; *Florence* v. *Hopkins*, 46 N. Y. 182. The act of 1853 (Laws of 1853, chap. 238) provides that heirs claiming by descent from an ancestor who died in possession, whether they be in possession or not, notwithstanding any apparent devise, may prosecute an action for partition notwithstanding any possession under the devise, provided they shall allege and establish in such action that the apparent devise is void. Under this statute the action is maintainable notwithstanding the adverse possession of those claiming to be devisees.

The case has been once before tried, a new trial has been ordered by the court of appeals, and it appears that the questions to be litigated are as to the mental capacity of the testator, and whether or not the will in question was procured through undue influence, imposition and fraud, involving the examination of a large number of witnesses and conflicting testimony. Such questions when they arose in a court of equity were referred to a jury trial. Story's Eq. Jur., § 72. In an action in equity before the Revised Statutes, when the legal title was in controversy the practice of the court was to retain the suit until the title could be established at law. *Wilkin* v. *Wilkin*, 1 Johns. Ch. 111; *Coxe* v. *Smith*, 4 id. 271. After the Revised Statutes, the practice was to dismiss the complaint without prejudice to a new suit after the title had been established at law. *Burhans* v. *Burhans*, 2 Barb. Ch. 398; *Florence* v. *Hopkins*, 46 N. Y. 182.

The provisions of the Revised Statutes on the subject of partition clearly contemplate, if they do not require, a trial by jury where the legal title is in dispute (2 R. S. 319, 320, §§ 16, 17, 18, 19 and 23), and section 448 of the Code applies the provisions of the Revised Statutes relating to partition to actions brought under the Code for the same purpose, so far as the same can be so applied to the substance and subject-matter of the action without regard to its form. It is assumed that the action for partition under the Code is an action in equity. Assuming this to be correct, and assuming that a court of equity had jurisdiction in such a case to decide upon and dispose of the legal title where that is in dispute, still, as we have

seen, that court did not attempt to do so in such a case without the intervention of a jury. Will. Eq. Jur. 704. There is nothing in the act of 1853, before referred to, which undertakes to change the mode of trial in such cases. In fact the action for a partition under the act of 1853, is in its nature an action of ejectment. The partition can only be granted as incidental relief depending on the prior establishment of the legal title, which is the main point in controversy. The refusal to grant an issue in such a case is good ground for an appeal. *Townsend* v. *Graves*, 3 Paige, 457.

The counsel for the respondents claims that no issue of fact is made by the pleadings. The plaintiff, following the act of 1853 before referred to, alleges that the will under which the defendants claim is void. It is quite probable that this allegation, as a matter of pleading, is too general; and that the defendants might have compelled the plaintiff to make his complaint more specific in this respect. But if they saw fit to go to trial on this general allegation, they subjected themselves to the consequence that any evidence showing the will to be void is admissible, and any embarrassment arising from the generality of the allegation can be remedied on the settlement of the issues.

On the whole, we think the special term erred in refusing to settle issues in the action to be tried by a jury.

The order appealed from is reversed, and the issue of fact touching the validity of the will of Abraham Wood must be settled in the usual manner and tried by a jury, with $10 costs of the appeal to abide the event of the action.

*Ordered accordingly.*