CHARLES H. GREENLEAF AND JAMES S. BUTLER, RESPONDENTS, v. THE BROOKLYN, FLATBUSH AND CONEY ISLAND RAILWAY COMPANY AND CHARLES W. KITCHEN, APPELLANTS.

*Judgment taken on an inquest must be reviewed by motion not by appeal — a judgment in a partition suit in chancery imports a seizin of the lands by the parties.*

Where a judgment has been entered upon findings made and filed, after an inquest taken at a circuit, on the failure of the defendant to appear, the remedy of the defendant is by motion to set aside the judgment and not by appeal.

In this action of ejectment the plaintiffs put in evidence the record of a suit brought in chancery for the partition of certain lands, among which was included the lands in question in the present action. The complaint in the chancery suit alleged, and the referee appointed therein found, that one Emmons died seized of the premises described therein. The plaintiffs in the present action also introduced deeds, given in pursuance of the decree entered in the chancery suit, showing documentary title to the land in question.

*Held*, that this proof was sufficient to sustain a finding that the plaintiffs were seized of the lands; that a judgment for partition in a suit in chancery imports of itself a seizin of the lands by the parties thereto.

APPEAL from an order denying a motion to set aside a judgment, entered on an inquest taken at a circuit upon the failure of the defendant to appear.

*Wm. C. De Witt*, for the appellants.

*Winchester Britton*, for the respondents.

DYKMAN, J. :

This is an appeal from an order denying a motion to set aside a judgment, entered on an inquest taken at the circuit for failure of the defendant to appear.

The action is for the recovery of a long narrow strip of land at Coney Island. At the inquest the plaintiff introduced a decree in partition in the Court of Chancery, between Richard J. Stillwell and wife, plaintiffs, and John Emmons and others defendants. The judgment was entered in June, 1848. The record exhibited the complaint which alleged that the parties named were the heirs and devisees of Johannes Emmons who had died leaving a large amount of real estate which could not be divided without partition, including the property included and described in the deed to the plaintiffs; (a reference was had and the referee reported that Johannes Emmons died seized of the premises); also a deed of release reciting the decree and given in pursuance of the same by Stillwell and others to Johannes Emmons, dated April 6, 1848. Also full covenant warrantee deed from Johannes Emmons to the plaintiff Charles H. Greenleaf, dated September thirty. Also a full covenant warrantee deed for one undivided half of the same lot from Greenleaf to the plaintiff Butler, dated July 27, 1877. Proof was also made of the identity of the lot and the possession by the defendants. On this proof the trial judge made his findings of seizin in the plaintiffs, and the unlawful entry and possession of the defendants. The practice pursued by the defendants raises a question in relation to the proper mode of review in such a case. The judgment was entered on findings after an inquest, and whether that can be set aside on motion or whether the remedy is by appeal is the question presented by the plaintiffs. They object to the practice but our examination leads us to the conclusion that the proper course has been adopted. (*Flake* v. *Van Wagenen*, 54 N. Y., 25.) The motion to set aside the judgment was properly denied if the evidence adduced by the plaintiffs was sufficient to sustain the findings, and we think it was.

In the first place it is to be remarked that the action of ejectment is a possessory action, and while the plaintiff must recover on the strength of his own title, yet it need not be an absolutely indefeasible title against the whole world. A plaintiff may recover against a naked trespasser on proof of possession under a claim of title. All that is necessary in the first instance under our law is to make a *prima facie* case, and if it be not answered the plaintiff takes judgment. In this case the plaintiffs proved a documentary title. They

introduced a judgment in an action of partition and deeds of conveyance executed in pursuance of the allotment provided for in that judgment.

The rule of the Court of Chancery was that it would not take cognizance of an action for partition of lands unless the parties had clear title, and a party applying for partition of lands must not only have had a present estate in the premises as a joint tenant or tenant in common, but he must also have been actually or constructively in possession of his undivided share or interest in such premises. (*Burhans* v. *Burhans*, 2 Barb. Ch., 398.) It results necessarily, therefore, that a judgment in an action in the Court of Chancery itself imports seizin. The institution of an action for partition in chancery was a direct act of ownership. (*Jackson* v. *Gilchrist*, 15 Johns., 89.)

Some objection is raised to the regularity of the proceedings in the chancery suit for partition, but such irregularities only lay the foundation for a claim that they are not conclusive. But it is sufficient for the purposes of the plaintiffs here that they are *prima facie* evidence of seizin. The decree may be inconclusive against some of the parties named, but the Court of Chancery entertained the suit and assumed jurisdiction of the proceedings, and the presumption of law is that such jurisdiction was properly exercised according to the rules prevalent in the Court of Chancery. It follows, therefore, that the parties to the suit for partition were seized of an estate in the lands and either in the actual or constructive possession thereof, otherwise the decree of partition could not have been made. Thus proof is furnished of the seizin of the grantors of the plaintiff sufficient in the first instance, and their title is deduced through deeds of conveyance which follow the chancery decree.

It follows that the findings of the judge are sustained by sufficient proof, and that the order appealed from should be affirmed, with costs and disbursements.

BARNARD, P. J., concurred ; PRATT, J., not sitting.

Order denying motion to vacate judgment affirmed, with costs and disbursements.