JESSUP et al. v. WITHERBEE REAL ESTATE & IMPROVEMENT CO.

(Supreme Court, Special Term, Westchester County. June 3, 1909.)

1. WILLS (§ 686*)—CONSTRUCTION—EXPRESS TRUSTS.

A testator devised his real property to his executors, to hold for the benefit and education of his children and livelihood of his wife. The executors were given the discretionary right to sell the real property; but the proceeds were directed to be invested until the two youngest children should become of age, the interest to be used for the maintenance and education of the children and support of the wife. *Held* that, inasmuch as the only period fixed for the duration of the trust was when the youngest child should become of age, if an express trust was created, it terminated at that time, when the wife and children acquired the legal title, which they could convey, since 1 Rev. St. (1st Ed.) pp. 728, 729, pt. 2, c. 1, tit. 2, § 55, requires that an express trust be for a fixed period.

[Ed. Note.—For other cases, see Wills, Dec. Dig. § 686.*]

2. PERPETUITIES (§ 6*)—SUSPENSION OF ALIENATION.

If it was intended that the trust should continue during the lives of the widow and children, it would fail, as suspending the power of alienation for longer than two lives in being.

[Ed. Note.—For other cases, see Perpetuities, Cent. Dig. §§ 4–56; Dec. Dig. § 6.*]

3. WILLS (§ 479*)—CONSTRUCTION—CONSTRUCTION PLACED ON WILL BY INTERESTED PARTIES.

The widow and children having united in a conveyance of the property after the youngest child became of age, thus showing that they considered themselves the owners of the fee, the court should give that construction to the will; it being the rule, where a will is ambiguous, to give effect to the construction unanimously placed upon it by all the interested parties.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 1002; Dec. Dig. § 479.*]

4. PLEDGES (§ 56*)—REDEMPTION—OFFER TO PAY DEBT.

Where a person pledged his interest in a mortgage for a debt, if his heirs desired to redeem the mortgaged property from a foreclosure by the pledgee, in which the pledgee purchased at the sale, it would be necessary for them to offer to pay the debt.

[Ed. Note.—For other cases, see Pledges, Dec. Dig. § 56.*]

5. PARTITION (§ 16*)—RIGHT TO PARTITION—ESTATE AND POSSESSION.

Under Code Civ. Proc. § 1532, providing that a partition suit may be maintained by one seised of an estate of inheritance, for life, or for years and in actual or constructive possession of the premises, a person could not bring such a suit to enforce an alleged equitable interest in premises by reason of his interest in a mortgage thereon, which interest he had pledged to his co-mortgagee, who had foreclosed the mortgage and bought in the premises.

[Ed. Note.—For other cases, see Partition, Dec. Dig. § 16.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

6. LIMITATION OF ACTIONS (§ 36*) — ACTION TO ESTABLISH CONSTRUCTIVE TRUST.

An action to establish a constructive trust must be brought within 10 years after the cause of action accrues.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. § 172; Dec. Dig. § 36.*]

7. PARTITION (§ 20*)—RIGHT TO PARTITION—PERSON OUSTED BY ADVERSE POSSESSION.

A subsisting adverse possession is an absolute bar to partition; and hence, where land was conveyed by tenants in common without joining with them another alleged co-tenant, and the land passed by several conveyances to which he was not a party, under all of which the grantees took actual possession and used and rented the land, to the exclusion of the alleged co-tenant for over 20 years, he was ousted and excluded, and his heirs could not try their title through him in a partition suit.

[Ed. Note.—For other cases, see Partition, Cent. Dig. §§ 65–67; Dec. Dig. § 20.*]

Partition action by Josephine Jessup and others against the Witherbee Real Estate & Improvement Company. Judgment of dismissal upon the merits.

Charles Vander Roest, for plaintiff.
Strong & Caldwalder, for defendant.

TOMPKINS, J. This is an action for the partition of 19.74 acres of land. The plaintiffs are the widow and children of Edwin C. Jessup, who died August 30, 1908, intestate. Edwin C. Jessup was a son of Edwin Jessup, who died July 28, 1846, seised and possessed in fee simple of the Jessup farm, in the town of Pelham, Westchester county, which included the premises described in the complaint. Edwin Jessup left him surviving his widow, Susan Jessup, who afterwards married James Hinman, and six children, namely, Edwin C. Jessup, already named, and five daughters, Emily, Helen M., Adelia V., Mary E., and Susan. The daughter Susan died in infancy and unmarried. The daughter Mary E. died May 2, 1880, leaving no children, but being survived by her husband, who is now dead. The said Edwin Jessup left a last will and testament, which contained the following provisions:

"I give and bequeath unto them, my executor and executrix, all my real property, that is the farm or property on which I now reside in Pelham, aforesaid, and all other real property of which I shall die seised, to have, hold and enjoy to them and their successors, for the benefit, education, maintenance and support of my children and the livelihood of my beloved wife."

"If the income of such real property is not enough to defray all the expenses of comfortable maintenance to my wife and children, and the reasonable education of such children, then I do request and ordain that my said executor and my executrix shall appropriate and make use of all or such part of my personal property as may remain after the payment of my just debts and funeral expenses for such objects and purposes aforesaid."

"It is my will that if my executor and my executrix shall think it best for the interest of my wife and my children, to sell my real estate, that then they sell the same, and give a deed therefor, in the same manner and to the same extent as I myself could do. And I request and enjoin them to invest the proceeds of such sale of my real property upon bond and mortgage until my two youngest children, Adelia Jessup and Edwin Clausen Jessup, shall at-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

tain the full age of twenty-one years, the interest thereof to be used for the maintenance and education of my children, and the support of my wife."

The executor, Richard R. Morris, qualified, while Susan Jessup, the widow of the testator, never qualified as executrix. On May 14, 1873, Susan Hinman (formerly Jessup), the widow of Edwin Jessup, deceased, and all of Edwin Jessup's children, excepting Susan (who had previously died in infancy, and unmarried, and without issue), joined in a deed of the Jessup farm, including the premises in question, conveying it in fee simple to one Charles J. Stephens. Edwin C. Jessup, the husband and father of the plaintiffs, and his wife, Josephine, one of the plaintiffs, joined in this conveyance to Stephens, the consideration of which was $25,000, and a part of which consideration, to wit, $16,-666.66, was paid by a purchase-money mortgage executed by Charles J. Stephens to the said grantors, including the said Edwin C. Jessup. At the same time the said Edwin C. Jessup made an assignment of his share of said mortgage to his mother, Susan Hinman, and his four sisters. This assignment, while absolute on its face, was apparently given to secure the payment of the sum of $1,111.10 and interest thereon. In 1877 Mrs. Hinman, the widow of Edwin Jessup, and her four daughters, foreclosed the said mortgage, and at the foreclosure sale Mrs. Hinman purchased the property in her own name, and received a referee's deed therefor in February, 1878.

The substance of the plaintiffs' claim is that under the will of Edwin Jessup an express trust was created for the benefit of the widow during her lifetime and for his children until the youngest should attain the age of 21 years, and that the real property in question was by the said will devised to the executors in trust for the support of the said widow and for the education and maintenance of the children until the youngest became of age, and that the legal title to the property became vested in Richard R. Morris, the executor who qualified, and that the widow and children could not convey the premises to Stephens, as they attempted to do in 1873, because the legal title was in the executor and trustee, and that, when the widow of Edwin Jessup purchased the premises at the foreclosure sale in 1877 or 1878, she took the property in trust for her children, including the said Edwin C. Jessup, and subject to the right of the said Edwin C. Jessup to redeem his interest in the said mortgage from his assignment or pledge of it to secure the said indebtedness of $1,100.

It appears without dispute that in February, 1887, Susan Hinman, the widow of Edwin Jessup, deceased, and her daughters, Adelia V., Emily J., and Helen M., who were then her only surviving children (excepting Edwin C. Jessup), and to whom she had in the year 1881 conveyed an undivided three-fourths part of the said Jessup farm, united in a conveyance in fee simple of the said premises to Henry W. Taft, and at about the same time the said Susan Hinman, as executrix of Edwin Jessup, deceased (although she had never qualified as such), by virtue of the power and authority given to her in and by said will, conveyed the said premises to the said Taft, and in April, 1887, Henry W. Taft and wife conveyed to Silas H. Witherbee a part of the Jessup farm containing about 19.74 acres, which is the property described in

the complaint, and now sought to be partitioned, and thereafter the heirs of Witherbee conveyed the same premises to the defendant. It is undisputed that the defendant and its predecessors in the record title, including Henry W. Taft, and their tenants, have been in actual and continuous possession of the premises in question since early in the year 1887. This action was commenced in 1908.

The plaintiffs claim, not only the interest that Edwin C. Jessup originally had in the premises, but also the interest that it is claimed he inherited upon the death of his sister Mary E. Hunt. She, however, was one of the grantors in the deed to Charles J. Stephens, and died subsequent thereto. The defense is, first, that there was no express trust created by the will of Edwin Jessup; and, second, if a trust was created, that it was not for the lifetime of the widow, but terminated when the youngest child became 21 years of age, which was in the year 1867, and that thereafter the legal title was vested in the widow and children, and that they had a right to convey the premises to Stephens in 1873. Besides, the defendant contends that it acquired title against Edwin C. Jessup and his heirs, the plaintiffs in this action, by adverse possession of said premises in itself and its predecessors from the year 1887 to the date of the commencement of this action, being a period of more than 20 years.

The first question to be decided is whether there was an express trust created by the will of Edwin Jessup, to continue during the lifetime of his widow, because, if there was, then the widow and children were without power to convey the premises to Stephens in 1873, and in that event the defendant's claim of adverse possession would not be good, because there could have been no ouster of Edwin C. Jessup, inasmuch as he would have had no legal title in the premises, or right to possession thereof, during the existence of the trust. Without deciding whether or not an express trust was created by the will of Edwin Jessup, my conclusion is that, if such a trust was created, it terminated when the youngest child became 21 years of age, in 1867, for the reason that there is no other limitation fixed upon or duration for the alleged trust by the terms of the will. In other words, the only period fixed for the duration of the trust is when the youngest child shall attain full age. Under the statute an essential element of an express trust is that it shall be for a fixed period. 1 Rev. St. (1st Ed.) pp. 728, 729, pt. 2, c. 1, tit. 2, § 55.

There is nothing in the will to indicate an intention on the part of the testator that the trust should continue during the lifetime of the widow. The language of the will is no more susceptible of such an inference than it is that the trust should continue during the lives of the widow and all the children. It is just as susceptible of one as of the other, and, if the intention of the testator was that the trust should continue during the lives of the widow and children, then he failed to accomplish his purpose, for the reason that such a trust would suspend the power of alienation for more than two lives in being, and the fact that the widow and children united in a sale and conveyance of the property in 1873 shows that they considered themselves the owners of the fee and acted upon that assumption; and it is a rule, that has been followed by the courts many times where the language of a will

is ambiguous, to give effect to the construction unanimously placed upon it by all the interested parties.

I therefore decide (and it is sufficient for the purpose of this case) that, if there was an express trust created by Edwin Jessup's will, it ended in 1867, when the youngest child became 21 years of age, and that thereafter Edwin C. Jessup was seised in fee simple of his share or interest in the said real estate, and that in 1873, when he joined with his mother and sisters in the deed to Stephens, he had legal title, and parted with all of his right and title in and to the said premises, and that said deed to Stephens was not void as being in contravention of an express trust.

From the date of the execution by Edwin C. Jessup and his wife of the deed to Stephens, and his assignment to his mother and four sisters of his interest in the Stephens mortgage, no claim was ever made by the said Edwin C. Jessup, or on his behalf, that he had any interest in the said premises, or in the said mortgage, until the commencement of this action; and the evidence will not justify a finding that Mrs. Hinman purchased the premises at the foreclosure sale in trust for Edwin C. Jessup, or that for many years prior to his death he had or claimed any interest in the said premises. On the contrary, there is evidence that would justify a finding that subsequent to the sale to Stephens, and after the death of his sister Mary E. Hunt, he was settled with in full by his mother and sisters for any outstanding interest that he may have had or claimed under the will of his father and by reason of the death of his sister.

The claim is made on the part of the plaintiffs, and it appears to be the fact, that the assignment of Edwin C. Jessup to his mother and sisters of his interest in the Stephens mortgage was to secure an indebtedness of the said Edwin C. Jessup to his mother, and the claim is now made that inasmuch as the assignment of the mortgage was as collateral to secure the payment of a debt, and the debtor and assignor not having been made a party defendant in the suit to foreclose the Stephens mortgage, and the fact that the premises were purchased at the foreclosure sale by Jessup's mother, who was the assignee of his interest in the mortgage, gave Edwin C. Jessup an equitable interest in or claim upon the premises, subject to the amount of his indebtedness, for which the said assignment was given as collateral.

It may be that Edwin C. Jessup or his heirs had or have a right to bring an action to redeem the said mortgage, assigned by Edwin C. Jessup as aforesaid, from the said pledge; but, to enable that to be done, it would be necessary for the plaintiffs to offer to pay Jessup's debt, to secure which the said assignment was made to his mother. There is no evidence that such an offer was ever made, or that the debt has ever been paid. In any event, such a claim cannot be successfully asserted in this action, which is for a partition of the premises described in the complaint, and can only be maintained by one who is seised of an estate of inheritance, or for life, or for years, and in actual or constructive possession of the premises sought to be partitioned. Code Civ. Proc. § 1532; Florence v. Hopkins, 46 N. Y. 182.

It cannot be claimed that Edwin C. Jessup became vested with the legal title by the deed from his mother to his three sisters. They (the

three surviving daughters) were the only grantees named in that deed, and the claim that Mrs. Hinman, the mother of Edwin C. Jessup, became a constructive trustee for his benefit, because she purchased the property in her own name at the foreclosure sale, and because of his alleged equitable interest in the said mortgage, will not avail the plaintiffs in this action, for the reason that an action to establish a constructive trust must be brought within 10 years after the cause of action accrues, which in this case was more than 20 years ago.

But independent of all these questions, and whether Edwin C. Jessup had any interest in the premises prior to 1887, or not, it seems to me conclusively established that from the date of the deed to Taft in 1887 to the commencement of this action in 1908 the defendant and their predecessors were in the actual occupation and possession of the premises in question under claim of title, exclusive of any other right, founding the claim upon written instruments purporting to be conveyances of said premises, and that their possession was hostile and adverse to the said Edwin C. Jessup, and amounted to an ouster and exclusion of the said Jessup from said premises, and that such occupation by the defendant and its predecessors was open, notorious, and continuous, and that for more than 20 years prior to the commencement of this action said premises were protected by a substantial inclosure and were regularly cultivated.

The testimony is that from early in the year 1887, when Taft received his deed from Mrs. Hinman and her daughters, down to the commencement of this action, which was 21 years later, the premises were substantially inclosed by fences and natural barriers, and that during all of that time it was occupied by tenants, who cultivated the property, and raised vegetables and other farm products thereon, and cut firewood therefrom, and improved the buildings thereon, during all of which time the said Edwin C. Jessup might have asserted his alleged rights and claimed possession. The evidence seems to me to make out a very clear case of title in the defendant by adverse possession, assuming, of course, as I have already decided, that there was no express trust to continue during the life of the widow.

The adverse possession of the defendant, even though it were not enough to give defendant title to the premises, is sufficient to defeat the plaintiffs' action for partition. "Where the premises are held adversely, the party out of possession cannot try the question of his title in this form of action. A subsisting adverse possession is an absolute bar to the action. It is intended for the partition of lands in the possession of part owners, and not for the recovery of the possession of premises held adversely." Florence v. Hopkins, supra. In this same case Judge Rapallo, writing for the Court of Appeals, said:

Possession usually follows the legal title, when no adverse possession is shown, and consequently, when the lands are unoccupied, the possession will be deemed to be in those having the title. Brownell v. Brownell, 19 Wend. 369; Beebee v. Griffing, 14 N. Y. 235. And when one of the several tenants in common is in possession, his possession will, in the absence of any act of ouster on his part, inure to the benefit of all. But even the possession of one of the tenants in common may become adverse by acts on his part amounting to an exclusion of his co-tenants; and if he convey the whole of the premises to a third party, and the purchaser takes actual possession, claiming the whole, it

is certain that the possession of such purchaser is adverse, and is not the possession of the former co-tenants of his grantor. Clapp v. Bromagham, 9 Cow. 562. The moment such adverse possession commences, the holding in common is terminated, and until the excluded parties regain their possession by the appropriate action I do not see how they can bring themselves within the provision of the statute or the rule of the common law. It would be utterly incongruous to hold that where ejectment would lie the plaintiff has possession which would entitle him to bring partition. The duration of an adverse possession is material, upon the trial of the question of title in action to recover possession; but it cannot be material in determining where the possession was at the time of the commencement of the action. These views are maintained in the cases of Jenkins v. Van Schaak, 3 Paige, 242, Burhans v. Burhans, 2 Barb. Ch. 398, and Matthewson v. Johnston, 1 Hoff. Ch. 560, as well as by the reasoning of the Chancellor in the case of Clapp v. Bromagham, before referred to."

In the case at bar there were three or four conveyances of the premises in question, to which Edwin C. Jessup was not a party, and subsequent to the time of his conveyance to Stephens, under all of which conveyances the grantees took actual possession of the whole of the premises, and used and rented them, to the exclusion of the said Edwin C. Jessup. Such use and occupation of the premises by successive grantees must amount to an ouster and exclusion of Jessup. So that in any event the plaintiffs are not in a position to maintain this partition action.

The defendant is entitled to judgment dismissing the complaint upon the merits, with costs.