## HILL *vs.* KRICKE.

APPEAL FROM CIRCUIT COURT, MILWAUKEE COUNTY.

Heard April 14.]                              [Decided July 10, 1860.

### *Limitations—Ejectment—Taxes.*

Under section 123, chap. 15, R. S., 1849, an action for the recovery of lands, was completely barred in three years after the recording of the deed of lands sold for taxes, unless the taxes had been paid, or the lands redeemed according to law.

Where the time limited by law for the commencement of a suit for the recovery of the possession of lands sold for taxes, has expired while the statute is in force, and before suit is brought, no subsequent legislation can renew the right to bring such suit,

*Edgerton vs. Bird,* 6 Wis., 527, and *Sprecker vs. Wakely* supra, 432, considered and approved.

Hill vs. Kricke.

A party who puts a tax deed upon record, sets up such a title to land, as will enable
    the party claiming to own the same land, to maintain an action of ejectment
    against him; even though the tax title holder has not entered into actual pos-
    session of the same.

This was an action commenced on the 25th day of Febru-
ary, 1858, to recover possession of lot two, in block twenty-
five, in Walker's Point addition, in the city of Milwaukee.
The complaint was in the usual form. The answer con-
tained a general denial, and also alleged that the lot in con-
troversy had been forfeited and sold for the non-payment of
taxes, and that defendant claimed title thereto, under the tax
deeds, which were recorded more than three years before the
commencement of the action.

On the trial, the plaintiff proved a regular chain of title to
the lot in controversy, and that the defendant was in posses-
sion thereof at the commencement of the suit. Exceptions
were taken to the introduction of portions of the plaintiff's
documentary evidence, but as they became unimportant to
the decision of the case, it is not necessary further to notice
them.

The defendant then introduced a deed, dated 14th of April,
1856, executed by the clerk of the board of supervisors of
the county, and recorded in the office of the register of deeds
of said county, on the 21st of April, 1856, for the whole lot;
also, a deed, dated 9th of April, 1859, executed by the clerk
of the board of supervisors of said county, recorded in the
said register's office, 9th of April, 1859, for the north two
hundredth part of the lot. These deeds, after reciting that
the lot had been sold for taxes, and remained unredeemed,
&c., used the following granting words:

" Now, therefore, know all men by these presents, that the
county of Milwaukee, in said state, and the state of Wiscon-
sin, in consideration of the said sum of money aforesaid, and
the premises, and in conformity to law, have, and hereby do
give, grant and convey the tract of land above described, to-
gether with the hereditaments and appurtenances, to the said
Charles Kricke, and his heirs and assigns, to their sole use
and benefit, forever."

The defendant also introduced two deeds, dated 10th of
February, 1855, executed by the then treasurer of the city of
Milwaukee, recorded in the said register's office, 12th of
March, 1855, for the same lot, the granting words of which

were the same as the others, except the words " The city of Milwaukee and," were added before the words, " the county of Milwaukee." These deeds were rejected by the circuit court.

The defendant offered in evidence, in connection with a quit-claim deed, and proof of possession under the statute of limitations, a deed, dated 18th of August, 1845, executed by the then clerk of the board of supervisors of said county, recorded in the said register's office August 22d, 1845, to Edward Hasse, for the same lot, and deeds from Hasse to himself. The defendant also proved that he took possession of the lot in April, 1848, and had continued therein ever since, and had enclosed it with a fence, and had built a dwelling-house thereon.

The plaintiff, to impeach the validity of the deed dated April 21st, 1856, proved by the clerk of the Board of Supervisors, that there was not in his office any affidavit of the publication of a list of lands unredeemed from the sales for the state and county tax of 1853, on which that deed was based. This evidence was rebutted by the defendant reading from the newspaper the list showing its publication.

The circuit judge, upon this evidence, instructed the jury : " That the deeds and other evidence produced by the plaintiff established his title, and that it appeared from the testimony that the proper publication of the list of unredeemed lands had not taken place; consequently, that the tax deeds of the defendant, except as to the north 1-200 part of the premises in question, were void. That for the north 1-200 part the verdict should be for the defendant, and for the remainder, the verdict must be for the plaintiff."

The verdict was in accordance with this instruction, and judgment was rendered accordingly; from which the defendant appealed.

*Smith & Saloman,* for the appellant, upon the point that the circuit court erred in rejecting the deeds dated February 10, 1855, cited, Priv. and Loc. Laws, 1855, chap. 203, § 4 ; Gen. Laws, 1854, chap. 66 ; R. S. 1849, chap. 15, § 109 ; id., chap. 15, § 35 ; Laws 1851, chap. 25; City Charter, Laws 1846, 164 ; Laws 1851, chap. 6; id., chap. 327. Upon the power of the legislature to make tax deeds *prima facie* evidence of title, they cited, *Pillow vs. Roberts,* 13 How., 472 ; *Garrett vs. Wiggins,* 1 Scam., 335 ; *Steadman vs. Planters' Bank,* 2 Eng., 424 ; *Hand vs. Ballou,* 2 Kern., 541 ; *Bussey*

*vs. Leavitt,* 3 Fair., 378; *Lamb vs. Gillett,* 6 McLean, 365; *Sibley vs. Smith,* 2 Mich., 486; *Graves vs. Bruen,* 11 Ill., 451; *Delaplaine vs. Cook,* 7 Wis., 44; *Hutley vs. Kyser,* 2 P. & W., 496; *Stewart vs. Shoenfeldt,* 13 S. & R., 370; *Gwynne vs. Neiswanger,* 15 Ohio, 367; *S. C.,* 18 id., 400; *S. C.,* 20 id., 556.

Chapter 197, Gen. Laws 1858, which provided that an action may be commenced to recover the possession of land which had been sold, and deeded for non-payment of taxes, within three years from the passage of that act, repealed the former acts of limitation, was unconstitutional and void, because it is not within the law-making power vested in the legislature. *Taylor vs. Porter,* 4 Hill, 146; *University of Maryland vs. Williams,* 9 Gill & J., 365; *Bloodgood vs. Mohawk R. R. Co.,* 18 Wend., 56; *Varick vs. Smith,* 5 Paige, 159; *Wilkinson vs. Leland,* 2 Peters, 654; *Bowman vs. Middleton,* 1 Bay, 252; *Bonaparte vs. R. R. Co.,* 1 Bald., 223; *Fletcher vs. Peck,* 6 Cranch., 87, 135; *Tenett vs. Taylor,* 9 Cranch., 43; *McCabe vs. Emerson,* 6 Harris, 111; Sedgwick on Const. Law, 147 to 177, 202, 671, *et seq.;* *Wilderman vs. Baltimore,* 8 Md., 551; *Berlin vs. New Britain,* 9 Conn., 175; *Dikeman vs. Dikeman,* 11 Paige, 484; *Bolton vs. Johns,* 5 Barr, 145; *Bruce vs. Schuyler,* 4 Gilm., 221; *Bank vs. Chambers,* 8 S. & M., 9.

2. Because it violates the implied prohibitions of section 13 and of section 9, in Article I of our Constitution. Const. U. S., Art. V, Amendment; *Campbell vs. State,* 11 Geo., 353.

3. Because it impairs the obligation of the contracts made in the sale for taxes, and in the subsequent conveyance to the defendant. These contracts had a definite force, which is destroyed by the law of 1859. Const. Wis., Art. 1, Sec. 12; *Fletcher vs. Peck,* 6 Cranch, 87, 136; *Terrett vs. Taylor,* 9 id., 43; *New Jersey vs. Wilkinson,* 7 id., 164; *Butler vs. Pennsylvania,* 10 How., 416; Sedgwick Const. Law., 618, *et seq.;* *Damman vs. Commissioners,* 4 Wis., 414; *Winter vs. Jones,* 10 Geo., 190.

Upon the point that the statute of limitations had run upon the deed dated August 18, 1845, and recorded August 22, 1845, and was a complete bar to the action at the end of three years, or in 1848, and nearly ten years before the commencement of this action, they cited: R. S., 1849, ch. 15, § 123; *Edgerton vs. Bird,* 6 Wis., 527; R. S. 1858, ch. 18, § 153; Laws of 1844, 22, § 12; *Bayard vs. Inglis,* 5 W. & S., 465;

*Falkner vs. Dorman,* 7 Wis., 388; *Robb vs. Bowen,* 9 Barr, 72; *Parish vs. Stevens,* 3 S. & R., 298; *Waln vs. Shearman,* 8 id., 357; *Pennock vs. Hart,* id., 369.

*Brown & Ogden,* for the respondent.


*By the Court,* COLE, J. The circuit court in this case, in effect instructed the jury to find for the respondent. In view of the tax deeds offered in evidence by the appellant, particularly the one dated August 18th, 1845, in connection with proof of possession by him, this ruling was contrary to the decision in *Edgerton vs. Bird,* 6 Wis., 527. That tax deed was recorded in August, 1845, and it appeared that the appellant had been in the actual and open possession of the premises under that deed and others, since 1848. By section 123, chap. 15, R. S., 1849, an action for the recovery of the lands was completely barred, unless the respondent could show that the taxes had been paid, or the lands had been redeemed according to law. This is the principle of the decision in *Edgerton vs. Bird,* and is decisive of this case. For we have held at the present term, in *Sprecher et al. vs. Wakeley et al., supra* 432, that if the time limited by statute for commencing a suit for the recovery of the possession of lands sold for taxes expires, while the statute is in force and before the suit is brought, that the right to bring the same is barred, and no subseqent legislation can renew that right. It was not competent for the legislature to divest the rights which the appellant had acquired in the land by three year's possession under a recorded tax deed, and chap. 197, Sess. Laws, 1859, cannot apply to this case. Our reasons for this conclusion are stated in *Sprecker vs. Wakeley,* and need not be repeated here. In the case at bar the appellant did not go into actual possession of the premises until 1848, although the tax deed was put upon record in 1845; and it was contended on the

part of the respondent, that the statute of limitations could not commence running until the right of action accrued, and it was assumed that the right of action did not accrue, or that ejectment could not be maintained, except against a party in the open and notorious possession of the premises claimed. But this is a mistake. By sec. 4 of the act concerning the action of ejectment, Rev. Stat., T. Wis., p. 250, (which act was in force in the territory in 1845,) it was provided, "If the premises for which the action is brought are actually occupied by any person, such actual occupant shall be named defendant in the declaration, if they are not so occupied, the action must be brought against some person exercising acts of ownership on the premises claimed, or *claiming title thereto, or some interest therein,* at the commencement of the suit." Now, although the grantee under the tax deed, might not have actually occupied the premises, yet by placing that deed upon record, he asserted a title to the premises in the most solemn manner, and we have no doubt but ejectment might have been maintained against him at any moment after the deed was recorded. For certainly, what interpretation can possibly be given to the act of placing the deed upon record, other than that he wished to give notice to all that he "*claimed*" "*title*" to the premises embraced within the deed? He would not be permitted to say after this that he was not asserting title, or some interest in the land, and was not within the very words of the statute. *Bauyer et al. vs. Empie,* 5 Hill, 48, and cases there cited. It will be borne in mind that the three years limitation of actions brought to recover lands forfeited for taxes, has been in force since 1840. Sess. Laws, 1840, 40 ; and Laws of 1844, 22, § 12.

We do not deem it necessary to determine the other questions raised upon the argument.

The judgment of the circuit court is reversed, and a new trial ordered.