## DEERY VS. McCLINTOCK and another.

*Partition, legal title cannot be tried in action for.— Equity jurisdiction.—
Title to unoccupied land triable by ejectment.— Practice.*

1. The mere legal title to land, being in good faith the subject of controversy and in doubt, cannot, in this state, be adjudicated in a suit for a partition, if objection is duly taken.
2. A suit in partition, in this state, is still an *equitable* proceeding; and the essential distinctions between an action at law and in equity have not been abolished by the code.

3. Under the provisions of our state constitution, the legislature cannot take anything from the original or primary jurisdiction of equity, and give it to the law — or the reverse.

4. In general, the fact that the plaintiff in a suit in equity has an adequate remedy·at law, is a sufficient reason for denying the equitable relief sought.

5. Where land is unoccupied, the question of title between the original owner and a tax title claimant may be determined in an action in the nature of ejectment, under sec. 3, chap. 141, R. S.; and for that reason such question should not be adjudicated in a partition suit, where the objection is duly taken.

6. The special advantages granted by our statutes to the parties in an ejectment suit, including the right, as of course, to a second trial, even after affirmance of the first judgment on appeal, which advantages would be lost by one compelled to adjudicate his rights in a partition suit (R. S., chaps. 141, 142), furnish a still more controling reason why equity. should refuse to determine in partition questions of legal title properly triable in ejectment.

7. The statutory provision for the trial of certain questions of fact, in a partition suit, by a jury (R. S., chap. 142, sec. 16), relates only to questions between *codefendants*, and has no application to a controverted question of legal title where ejectment may be maintained as between plaintiff and defendant.

8. *Barker v. Barker* (14 Wis., 131), and *Hannan v. Oxley* (23 Wis., 519), explained and distinguished from this case.

9. The fact that defendant has not objected *by his answer* to the jurisdiction of equity, is not to be treated as a waiver in a case of controverted legal title. *Tenney v. The State Bank* (20 Wis., 152), and *Peck v. School District* (21 Wis., 522), distinguished from this case.

10. In such cases the practice is to refuse partition even after the cause has gone to a hearing on the pleadings and proofs, and either to suspend proceedings in the action until plaintiff has established his title at law, or to dismiss his bill *without prejudice* to his right to file a new one after his title shall have been so established. And *it seems* that the latter is usually the better practice.

11. The court below having found against the plaintiff's title in this case, and rendered a judgment dismissing the complaint, which would bar a subsequent action in ejectment, this court reverses the judgment, and directs the entry of a judgment of dismissal with liberty to the plaintiff to sue at law, and without prejudice to his right to commence a new action for partition when his title at law shall be established.

APPEAL from the Circuit Court for *LaFayette* County.

Action for the partition of real estate situate in said county, commenced March 2, 1870.   The complaint is in the usual form, the plaintiff alleging that he is seized in fee simple of the equal undivided one half of the premises sought to be partitioned, and the defendant *McClintock* of the other undivided half, subject to an equitable right of *Hill*, the other defendant.

The defendants answered separately, the defendant *Hill* disclaiming any interest whatever in the premises.   The defendant *McClintock* denied all the allegations of the complaint, and, for affirmative defenses, he alleged that the action was not commenced within the time limited by law, because, for ten years preceding the action, he and those under whom he claimed had been in the continued occupation and possession of the lands described in the complaint, claiming the exclusive title thereto under written conveyances;   and also, because the plaintiff claimed under certain tax deeds, and such deeds were recorded more than three years before the commencement of the action, during all which time the defendant and those under whom he claimed had been in the actual and continual occupation thereof.

The action was tried by the court, a jury being waived. The plaintiff was permitted, against defendant's objections, to introduce several tax deeds of the premises in controversy, and a large number of other parcels of land, to one Mather, the first one executed and recorded December 4, 1862, and the others subsequently, upon sales for different years;   followed by a warranty deed from Mather to himself, and evidence tending to show that from 1854 to the commencement of the suit, the lands in question had been wild, unfenced and unimproved, and not actually and continuously occupied by any one, though one Downey and some others had at different times prospected there for ore without leave from anybody, and hay had been cut and pasturage used by residents of the vicinity.   Some permits to mine and cut grass, granted by Mather's agents, and other like acts of ownership, were also shown.   The defendant

traced his title to the whole of the land back to parties who purchased it from the United States in 1839, and introduced evidence tending to show that acts of ownership were exercised by the agents of those through whom he claimed, such as going upon the land, paying taxes, and granting permits for working mines; and that Downey and others did some mining thereon under such permits. Certain defects in the tax proceedings under which the tax deed of 1862 was issued, were shown. It also appeared that in September, 1863, Mather commenced a suit to bar the titles and interest of the parties under whom defendant claims, in those lands, but afterward discontinued the same. Much of this evidence was received under plaintiff's objections.

The court held that the tax deed of December 4, 1862, on which plaintiff relied in this action, was void for want of proper notice of the sale, and for want of proper proof of the notice given; and that, assuming that the court had jurisdiction to try the question of title in this action, the possession shown by defendant and those under whom he claims was sufficient to overcome the constructive possession following the tax deed; and that knowledge that his title was disputed was sufficient warning to Mather to take actual possession. Judgment was accordingly entered for the defendants; and, a new trial having been denied, the plaintiff appealed.

*Orton & Osborn* and *W. E. Carter*, for appellant:

The circuit court had jurisdiction to try the titles of the parties to these lands in the partition suit. Under the old practice, the inadequacy of the legal remedy was the only ground of equitable intervention in matters of partition. 1 Story's Eq., §§ 647–650. Under the code, the circuit courts can equally as well try questions of legal title in an action for partition as in an action for possession. In such action "any issue of fact between the parties may be tried by a jury, as in other cases." R. S. 1858, ch. 142, sec. 16. That this clause refers to an issue between the plaintiff and the defendant, is

Deery vs. McClintock and another.

clear from an examination of sec. 16, ch. 108, R. S. 1849, of which it is an amendment. Section 20 of said chapter 142 confers the fullest powers upon the court, in actions for partition, to try and determine the rights of the parties in all cases. It would, therefore, be absurd to require the plaintiff to suspend this action and bring another in the same court to try the question of title, and thus litigate the questions involved piecemeal. Ejectment would not lie in this case, because the plaintiff claims possession in himself, and he could only bring an action to remove a cloud on his title, which is also equitable. The following cases show that the question of adverse title may be litigated in actions for partition: *Parker v. Kane*, 22 How. (U. S.), 1; *Overton v. Woodfolk*, 6 Dana, 374; *Howey v. Goings*, 13 Ill., 95; *Cuyler v. Ferrill*, 8 Am. Law Reg., 100; *Purvis v. Wilson*, 5 Jones' Law (N. C.), 22; *Godfrey v. Godfrey*, 17 Ind., 6; *Ormond v. Martin*, 37 Ala., 598; *DeUprey v. De Uprey*, 27 Cal., 329; *Forder v. Davis*, 38 Mo., 107; *Allen v. Allen*, 2 Jones' Eq. (N. C.), 235; *Nash v. Church*, 10 Wis., 303; *Kane v. R. R. Canal Co.*, 15 id., 179. 2. The defendants have waived their right to object to the jurisdiction of the circuit court by not specifying such objection in their answer. *Tenney v. State Bank*, 20 Wis., 152; *Peck v. School Dist.*, 21 id., 516. 3. Neither the defendants nor those under whom they claim had any possession of the land until long after the limitation of the statutes had run upon the tax deed, in favor of the grantee therein. Any possession they may have had afterwards can have no effect upon the title under it. *Knox v. Cleveland*, 13 Wis., 245; *Gunnison v. Hoehne*, 18 id., 268. 4. The fact that Mather brought a suit to bar the former owners does not show any knowledge on his part that they claimed to be in possession. 5. The recording of his tax deed gave him constructive possession, and the former owner must bring suit for possession or take actual possession within three years, to avoid his title. *Dean v. Early*, 15 Wis., 100. 6. The actual possession which they must take for that purpose must be a

visible, notorious occupation, sufficient to satisfy the require-
ments of sec. 7, ch. 138, R. S.   The proof in this case does not
show any such possession by defendants.   Occupancy for min-
ing purposes does not constitute such actual possession.   *Syd-
nor v. Palmer*, 29 Wis., 226.   Independent of the statute, such
possession must be visible, co nstant and notorious.   *Watts v.
Griswold*, 20 Ga., 733; 40 Pa. St., 499; 29 Conn., 397; Angell
on Lim., §§ 395, 396, 398.

   *E. J. Hill*, for respondent:

   1.  Conceding Mather's title under his tax deed to be good as
to all the lands thereby conveyed, he could convey no title to
any particular portion thereof, as against his cotenants, without
first obtaining partition.  *Bartlett v. Harlow*, 12 Mass., 348; *Pea-
body v. Minot*, 24 Pick., 329; *Duncan v. Sylvester*, 24 Me., 482;
4 Kent's Com., 368.   2.  The plaintiff's grantor had no actual
possession under his deed, even within the three years next
preceding the expiration of five years after the recording thereof;
and it does not appear that he paid any taxes after the date,
until 1868, or 1869.   Blackw. T. T., 581, § 34; chap. 22, Laws
of 1859; *Holloway v. Clark*, 27 Ill., 484.   The deed issued De-
cember .4, 1862, was only *prima facie* evidence, and the de-
fendants had the right to go behind it and show its invalidity.
*Mills v. Lockwood*, 42 Ill., 118; *Barbour v. Whitlock*, 4 Monroe,
197.   3.  The lands were not vacant and unoccupied, but there
was an open, tangible possession by defendants.  *Jones v. Collins*,
16 Wis., 594.   4.  The suit on the deed of 1862 is an estoppel
of record against all the other deeds.   They are also void on
their face, and could not avail· in this suit against the adverse
possession shown by defendants.

   *Cothren & Lanyon*, on the same side:

   The remedy here sought is statutory, and is given only to
one who has an estate in possession.   Such an estate is one
*executed*, whereby a present interest, not depending on any sub-
sequent circumstances or contingency, passes to and resides in
the claimant.   2 Black. Com., 163; Preston on Estates, 89.   A

claim under a tax deed is dependent upon many circumstances. 2. Where the legal title is disputed and doubtful, the proper course is to send the parties to a court of law to have it established, and if the premises are held adversely, to dismiss the bill without prejudice to a new suit after the complainant shall have obtained possession. Willard's Eq., 704; *Cole v. Smith* 4 Johns., 193; *Smith v. Smith*, 10 Paige, 470; *Haywood v. Judson*, 4 Barb., 229. 3. The plaintiff can only recover here, as in an action of ejectment, upon the strength of his own title. R. S., ch. 142, sec 20. The first tax deed is defective in form, and gave no authority to convey to another. Tax deeds cannot be aided by intendment. *Orton v. Noonan*, 23 Wis., 102; *Curtis v. Board of Sup'rs*, 22 id., 167. The law of 1859 was the only one applicable to this deed, and none of the conditions thereby prescribed to entitle the claimant to maintain an action under it have been shown. The decisions under the law of 1849 are not applicable. There is no case in which it has been held that the recording of a tax deed under the law of 1859 cuts off the original owner from showing its invalidity.

DIXON, C. J. This is an action for partition, which is resisted upon the ground that the plaintiff has no title, and that the defendant *McClintock* is the owner of the whole land. The answer of that defendant denies the title of the plaintiff, and that was the sole question litigated at the trial. The title asserted by the plaintiff is a purely legal one, claimed under a tax deed, whilst the defendant claims to be the owner in virtue of the original or government title. Possession of the land was claimed by both parties, at and for some years prior to the commencement of the action, but the facts were that it was vacant and unoccupied. Some occasional acts of ownership may possibly be shown to have been exercised by both parties, but the truth seems to be, as claimed by counsel for the plaintiff, that, from the time of the recording of his tax deed in December, 1862, until the present time, "the premises in question have

been and are wild, vacant and entirely unoccupied lands, never having been occupied or possessed by any one, except occasionally a miner, on his own account, paying rent and attorning to no one, has for a short time prospected for mineral on some part of the land. " Under these circumstances, the only question which the court is required to consider, or which it has considered and will determine, is, whether the mere legal title to land, the same being in good faith the subject of controversy, and in doubt, may be tried and adjudicated in this form of action, it appearing that the objection was taken in the court below, and is now renewed on appeal. It is not contended by counsel for the plaintiff that the remedy in partition given by our statute is not an equitable proceeding. It is conceded to be such. It was by bill in chancery before the enactment of the code; and the same statutory provisions, with some slight and immaterial modifications or change of names, still exist. The position of counsel, in short, is, that the blending of legal and equitable remedies, or the reduction of all, as near as may be, to a single form of action, under the code, has abolished the rule which formerly prevailed, that the action for partition, being equitable, was not the proper one in which to try and determine a question of legal title adversely claimed. The contention is, that the action, though still equitable, has now become the proper one for the trial and adjudication of such an issue. A few considerations will, we think, suffice to show the error of this position, and that a court of equity is not now, any more than it formerly was, the proper forum in which to try and decide a question of mere legal title to land, and that the jurisdiction must still be refused. And first we observe, what all the adjudications since the enactment of the code maintain, that although the distinction between actions at law and suits in equity, and the forms of all such actions and suits, heretofore existing, are abolished, yet this only relates to the forms of actions, and does not touch or effect their inherent qualities and differences, which, from the nature of things, are unchanged and unchangeable. The

change in the form of the action has not changed the nature of the action itself.    It has not enlarged the jurisdiction of equity, nor abridged that of the law.    This has been so often, of late, decided, and equitable interference refused on the ground that there existed an adequate remedy at law, that it seems unnecessary to remark upon it, especially in view of the provisions of the constitution of the state, under which it has been repeatedly held by this court to be incompetent for the legislature to take from the original or primary jurisdiction of equity and give to the law, or to do the reverse.    There existed in this case an adequate remedy at law to try the title, which, upon general principles, if the objection be properly taken, will always bar relief in equity.    The provision of the statutes of this state (R. S., ch. 141, sec. 3 ; 2 Tay. Stats., 1665, § 3), that, where the premises are unoccupied or not in the actual possession of any person, ejectment, or the action in the nature of ejectment, may be maintained against any one " claiming title thereto or some interest therein at the commencement of the action, " is familiar, as also are the decisions of this court made under it.    *Hill v. Kricke*, 11 Wis., 442 ; *Knox v. Cleveland*, 13 id., 245 ; *Whitney v. Marshall*, 17 id., 174 ; *Eaton v. Tallmadge*, 24 id., 217.    In the present case, the plaintiff might maintain such an action against the defendant, or the defendant against the plaintiff, unless barred by the statute of limitation, a point not material to the present inquiry.    This, ordinarily, and probably in all cases where the objection is taken, should preclude any relief in equity.

But the considerations of greatest weight in our minds, and which seem to us controlling, are, the advantages which the defendant in partition must or may lose, if compelled to submit to a trial of the legal title in this form of action, instead of the trial in ejectment as provided by law.    Judgments in partition are, as declared by statute and as has frequently been adjudged by this court, binding and conclusive as to the title or interest of all persons, parties to the action, and their legal rep-

resentatives, and all persons claiming under them or either of them, except tenants, or persons having claims as tenants in dower, by the curtesy, or for life, to the whole of the premises which shall be the subject of such partition. R. S., chap. 142, secs. 31, 32; 2 Tay. Stats., 1684, §§ 31, 32; *Nash v. Church*, 10 Wis., 303; *Marvin v. Titsworth*, id., 320; *Kane v. Rock River Canal Co.*, 15 id., 179; *Allie v. Schmitz*, 17 id., 169; *Tallman v. McCarty*, 11 id., 401. But in the action of ejectment this is not so, at least not so as to the first judgment, which may always be vacated and a new trial had at the option of the defeated party. Such is the absolute right of the party, if application be made therefor at any time within one year after the rendition of the judgment, and the other conditions prescribed by the statute be complied with. And such right may be exercised even after appeal, or writ of error, and affirmance of the judgment in this court. The judgment in such action, rendered upon the defendant's failure to answer, does not become conclusive upon him, or upon persons claiming from or through him by title accruing after the commencement of the action, until the expiration of two years from the time of docketing the same. It is declared by statute, that, within two years after the docketing of such judgment, the court shall, on the application of the defendant, his heirs or assigns, and upon payment of all costs and damages recovered thereby, vacate such judgment and grant a new trial. The same statute reserves other and further very important rights and privileges in this respect to any defendant who may be, at the time of docketing the judgment, either within the age of twenty-one years, or insane, or imprisoned on any criminal charge, or a married woman. R. S., chap. 141, secs. 20, 21, 22; 2 Tay. Stats., 1669, 1670, §§ 20, 21, 22. All these rights reserved and privileges accorded to the defeated party and defendant in the action of ejectment, and which must be conceded to be not unfrequently of great value to him, to say nothing of the advantage, often most material, of a new trial sometimes gained for misdirection, or the improper admis-

sion of testimony, or other error in an action at law, would be wholly lost to the same party if required to litigate the same question or matter in controversy in a suit or proceeding in a court of equity. These considerations seem to us conclusive upon the point, and to show that the jurisdiction of equity does not attach and ought not to be maintained in a case like the present.

And the provision in the partition statute relating to the trial of certain issues of fact by a jury, and which is chiefly relied upon by counsel for the plaintiff, does not seem to aid their argument upon the point. The issues which may be so tried are obviously those arising between codefendants, where the joint tenancy or tenancy in common of any one is denied by any other of the defendants. The provision reads : "Any defendant may deny the joint tenancy or tenancy in common of any *codefendant*, and any issue of fact between the parties may be tried by a jury, as in other cases." R. S., ch. 142, sec. 16 ; 2 Tay. Stats., 1681, § 16. It is possible that this may be intended as a substitute for ejectment in cases where that action would lie as between the codefendants, but even this may be regarded as not altogether clear. It is, however, clear that the provision has no application to a controverted question of legal title, where ejectment may be maintained as between the plaintiff and defendant.

The cases in this court where issues of title adversely claimed and asserted have been tried and determined in partition, have been only where such title was equitable in its nature, or where some recognized principle of equity jurisprudence was involved, thus making the title a proper subject of cognizance in a court of equity. Such were the cases of *Barker v. Barker*, 14 Wis., 131, and *Hannan v. Oxley*, 23 Wis., 519 ; in the first of which it was answered by two of the defendants that the legal title claimed by the plaintiff was held in part in trust for them ; and in the second, the title in controversy was, or was regarded as, merely equitable, being held un-

der a deed from a husband directly to his wife. Those cases, therefore, in no way conflict with the rule now laid down.

A point is made that the defendant has waived his right to object to the jurisdiction of equity by not having stated the objection in his answer; and the cases of *Tenney v. State Bank of Wisconsin*, 20 Wis., 152, and *Peck v. School District*, 21 Wis., 522, are cited. The rule of those cases is no doubt, in general, a correct one as there stated; but it is not invariable or without its exceptions. Cases like the present, for a partition, where the legal title is disputed and doubtful, constitute one of the exceptions. In such cases the practice is to refuse partition, even after the cause has gone to a hearing on the pleadings and proofs, and either to suspend proceedings in the action until the plaintiff has first established his title at law, or otherwise to dismiss the bill without prejudice to his right to file a new one after his title shall have been so established. *Wilkin v. Wilkin*, 1 Johns. Ch., 111; *Coxe v. Smith*, 4 id., 271. Such is the course which should have been pursued here, when it appeared that a doubtful and disputed legal title was the real subject of controversy, and that the plaintiff had his remedy at law by action in the nature of ejectment in which to establish it.

Counsel refer us to the decisions of courts in some of the other states, where, in some cases, it seems to have been held that any issue of legal title may be tried and determined in partition. It appears that in some of the states the action is strictly a legal one, whilst in others it is both legal and equitable, courts of law and courts of equity having concurrent jurisdiction. We need not inquire particularly into the jurisprudence or modes of proceeding in those states, nor into the reasons given by the courts for holding that issues of legal title may be so tried, since it is obvious, from what has already been said, that they can have no influence in the determination of the question in this state.

It follows from these views, that the judgment of the court

below, although against the plaintiff, who pressed the trial of the issue in equity, and in favor of the defendant, who resisted such trial, should be reversed. The court found against the title claimed by the plaintiff, and dismissed the action. Such judgment, if permitted to stand, would estop the plaintiff, and bar a recovery by him in ejectment subsequently brought. The judgment of dismissal, when that is the practice adopted, should be with liberty to the plaintiff to sue at law, and without prejudice to his right to commence a new action for partition when his title at law shall have been established. And this, in general, will, we think, be found to be the better practice — to dismiss the action, instead of attempting to retain it until the title at law has been established. The great delays which in many cases may and will occur before the trial and final establishment of the legal title, seem to render the latter course inconvenient and impracticable.

*By the Court.*— Judgment reversed, and cause remanded with directions as indicated in the foregoing opinion.