Morse vs. Stockman and others, imp.

MORSE, Respondent, vs. STOCKMAN and others, imp., Appellants.

*December 9 — December 23, 1885.*

PARTITION: PARTIES: PRACTICE. *(1) Appealable order. (2, 3)* Res adjudicata: Ex parte *order for discontinuance: Sustaining demurrer. (4) Determination of title on affidavits. (5) Necessary parties in partition. (6) Who may maintain action.*

1. An order denying an application to be made a party is a final order in a special proceeding and, if it affects a substantial right, is appealable.

2. An order discontinuing an action as to certain defendants, granted without notice to them, is not a bar to an application by them to be reinstated as parties. Such application is, in effect, a motion to set aside the *ex parte* order of discontinuance.

3. Where in an action for partition the only cause of action stated against certain defendants was in the nature of *quia timet,* and they demurred both on the ground of a misjoinder of causes of action and for insufficiency, an order sustaining such demurrer was not a bar to an application by them (after the cause had been discontinued as to them) to be reinstated as parties on the ground that they had such rights or title in the land as made them necessary parties.

4. Adverse claims of title to land cannot be determined upon affidavits on an application to be made a party in an action for partition.

5. All persons having any right, title, or interest in the premises which would be involved in or necessarily affected by a complete partition or an absolute sale of the whole premises, must, if they are known, be made parties to the action.

6. *It seems* that an action for partition can only be maintained by one having the actual or constructive possession of the premises, or the right to the same.

APPEAL from the Circuit Court for *Waukesha* County. The following statement of the case was prepared by Mr. Justice CASSODAY:

This bill in equity for partition was commenced December 3, 1884. It alleges, in effect, that John Stockman died intestate, seized in fee simple and possessed of the premises

Morse vs. Stockman and others, imp.

in question, leaving him surviving a widow, who died half an hour thereafter, and two sons, *Charles* and Ralph, who were his only children and sole heirs at law, and who thereby became the lawful owners and possessed of the premises in question; that the plaintiff had become the owner in fee and entitled to the possession of the undivided one-half of the land in question which went to *Charles*, by virtue of a judgment recovered against him May 24, 1882, an execution issued and levied thereon January 12, 1883, a sale thereof March 3, 1883, and a sheriff's deed thereon June 3, 1884; that the defendant William McArthur became the owner in fee and entitled to the possession of the other undivided one-half of the land which went to Ralph, by virtue of a warranty deed to him from said Ralph (who is not a party hereto) and wife, October 3, 1884; that, October 3, 1881, *Charles* gave to *George D. McArthur* a mortgage upon certain lands for $976.53, by virtue of which said *George D.* had a pretended claim upon the premises in question, but which claim was unjust, invalid, and void for uncertainty in the description; that October 3, 1881, *Charles* gave to the defendant *Ralph R. Stockman* a quitclaim deed, by which he had a pretended claim of title to and upon the lands in question, but which title and deed were wholly void, and all claims thereunder unjust and invalid. Judgment is prayed forever barring the defendants *Charles*, *Ralph R.*, and *George D.* from any, every, and all claim of title to any part or portion of said premises; and for partition according to the respective rights of the parties; and, if partition could not be had without material injury to the parties, then that the premises be sold, and the proceeds divided according to the respective rights of the parties.

William McArthur answered separately. *Charles, Ralph R.,* and *George D.* demurred, on the grounds (1) that several causes of action were improperly united, and (2) that the complaint did not state facts sufficient to constitute a

cause of action.   April 2, 1885, the court sustained the de-
murrer, with leave to amend the complaint in twenty days.

On motion of the plaintiff, but without notice to any of
the defendants or their attorneys, the court, on April 3,
1885, ordered "that the above-entitled action be, and the
same is hereby, discontinued against the defendants *Charles
Stockman, Ralph R. Stockman,* and *George D. McArthur.*"
On the same day a copy of that order and notice of its entry
was served on the attorney for these appellants.

April 4, 1885, a verified petition was made on behalf of
these appellants, setting forth in effect, in addition to the
facts stated, that said mortgage covered the lands in ques-
tion, and was given before the date of the plaintiff's judg-
ment, and that said *George D.* was still the lawful owner
and holder thereof; that before the date of that judg-
ment *Charles* "sold, for a full and valuable consideration,
said real property to the defendant *Ralph R. Stockman,* and
made, executed, and delivered a sufficient deed of convey-
ance thereof, and said *Ralph R. Stockman* went into pos-
session of said real property under said conveyance," and
was still "the lawful owner and holder of said real prop-
erty," and was still "in *exclusive possession thereof* as ten-
ant in common with defendant William McArthur, and that
plaintiff, *M. Morse,* had no right, title, or interest, or pos-
session of, in or to any part of said real property by reason
of said judgment, or otherwise; that a complete determi-
nation of the controversy [could not] be had without the
presence of petitioners as parties defendant in said action,
because the claim of the plaintiff [was] made adversely to
their rights and interests; that they be made parties thereto,
with all the rights of parties to such actions;" and there-
upon prayed to be made parties defendant.   Upon that
petition, and the papers, documents, etc., theretofore served
and filed in the action, notice was given to the plaintiff's
attorney, April 4, 1885, of an application to be made to the

court, May 26, 1885, for an order directing that these appellants be made parties defendant in the action, and for such other and further relief as might be just and right. That application was resisted on the grounds that John M. Stockman died testate, leaving a will by which *Charles* and Ralph became the owners as tenants in common, subject to a life estate of the widow, and that they got the whole title on her death; that the estate of John M. Stockman, deceased, was settled, and the said lands assigned to said *Charles* and Ralph as devisees in said will, January 13, 1883; that the plaintiff acquired all the right, title, and interest of *Charles* in the lands by the sheriff's deeds given; that the description in the mortgage (a certified copy of which was given) did not include any of the lands in question; that the description in the deed (a certified copy of which was given) from *Charles* to *Ralph R.*, dated October 3, 1881, included none of the lands in question; that the petitioners had no title, except as stated on the part of the plaintiff.

Upon the hearing of that application, May 26, 1885, it was by the court " ordered that the application of said *Charles Stockman, Ralph R. Stockman*, and *George D. McArthur* to be made parties defendant in the above-entitled action be, and the same is hereby, denied; and it is further ordered that *M. Morse* have and recover of said *Charles Stockman, Ralph R. Stockman*, and *George D. McArthur* the sum of ten dollars costs of said motion." From that order, and every part thereof, *Charles Stockman, Ralph R. Stockman*, and *George D. McArthur* appeal.

*Edward P. Vilas*, of counsel, for the appellants.

*E. W. Chafin*, for the respondent.

CASSODAY, J. An application to be made a party is regarded as a special proceeding. Sec. 2594, R. S.; *Carney v. Gleissner*, 62 Wis. 497. When the application is denied, the

order to that effect is necessarily final; and if, in addition, it affects a substantial right, it is appealable. Subd. 2, sec. 3069, R. S.; 62 Wis. 497.

It is claimed that since the order discontinuing the action as against these appellants was never appealed from, it is still in force, and hence a bar to the application to be made parties. The application for that order was a motion. Sec. 2813, R. S. Being a motion, it could not be regularly brought to a hearing, except upon eight days' notice to the attorney for the appellants, who had appeared in the case, or by an order to show cause. Circuit Court Rules, XI, sec. 1. It was not so brought to a hearing, and of course was irregularly granted. Having been granted without notice, it certainly would have been competent for the court to set it aside upon notice. The application to be reinstated as defendants was, in effect, a motion to set aside the *ex parte* order of discontinuance. This must be so, since, had the application been granted, it would necessarily have wholly superseded and nullified the order of discontinuance It follows that the *ex parte* order of discontinuance was not a bar to the application to be reinstated as parties to the action.

Nor do we think that the order sustaining the demurrer was a bar to such application. Certainly not, if that decision went upon the ground that the complaint did not state a cause of action as against these appellants. The alleged claim of *George D.* under the mortgage from *Charles*, given October 3, 1881, and the alleged claim of *Ralph R.* under the deed from *Charles*, given on the same day, were each seemingly adverse to the plaintiff's title, if anything. The relief prayed as against them was that they should each "be forever barred from any, every, and all claim or claims of title to any part or portion of said premises." As to them, the only cause of action sought to be alleged seems to have been in the nature of *quia timet*. But such

allegations were exceedingly general, and might well have been regarded as conclusions of law rather than statements of fact. The court might well have held that the complaint failed to state *such* a cause of action against them. If the court so held, then it became unnecessary to determine whether a cause of action *quia timet* against some of the defendants could be united with a cause of action for partition against the others. The same would be true, even if the allegations were regarded as showing that *Ralph R.* and *George D.* had each acquired an interest in a portion of the undivided half of the land which went to *Charles*, prior to the plaintiff's judgment; for then they would have been tenants in common with the plaintiff on his own showing, and hence necessary parties in partition. But even if the decision of the demurrer went upon the ground that several causes of action had been improperly united, still it would not preclude the appellants from being parties in a simple action for partition, if their interests required it, even if it should become necessary to suspend proceedings in the partition suit until such adverse claim should be determined in a proper action.

It undoubtedly would have been better practice for the appellants, respectively, to have answered on the merits, setting up their right, title, and interest, or claim of such, in the lands, instead of demurring to the complaint upon the grounds stated. Still there is no good reason for holding that the order on the demurrer was a bar to their application to be reinstated as defendants. In other words, we cannot hold that that decision was a determination that none of them had any such right, title, or interest in the premises in question as made it necessary for them to be made parties in the action for partition.

The learned counsel for the plaintiff insists that, upon the application to be reinstated as parties defendant, it was demonstrated by the documentary evidence presented in

behalf of the plaintiff that neither the description in the deed nor the mortgage of October 3, 1881, included any of the lands here sought to be partitioned. To this it is answered that it does not appear, except by the plaintiff's showing, that that mortgage is the one under which *George D.* claims, nor that that deed is the one under which *Ralph R.* claims; but that it does appear by the showing of the appellants that *George D.* has a valid mortgage for the amount named upon the lands in question or a part of them, given prior to the plaintiff's judgment, and that *Ralph R.*, prior to said judgment, purchased for a full and valuable consideration the lands in question, and then went into the possession of the same under a conveyance then given by *Charles*, and had remained in the exclusive possession thereof as tenant in common with the defendant William McArthur; and that the plaintiff had no right, title, interest, or possession of, in or to any part of said real property by reason of said judgment, or otherwise. It is claimed, moreover, that even if the description in the deed under which *Ralph R.* claims title is defective, yet as he paid full value, and was in possession under it prior to the plaintiff's judgment, he has the right, as against the plaintiff, to reform such description, so as to include the land actually purchased; and that, in any event, such adverse claim of title could not be determined upon affidavits, but must be remitted for trial in some appropriate action. This must be the rule, otherwise it might become dangerous to make motions in actions affecting the title to real property. *Deery v. McClintock*, 31 Wis. 195.

The question recurs whether the appellants, or any of them, have shown such right, title, or interest in the lands in question as makes them necessary parties in this action for partition. The statute provides what the complaint must contain. Sec. 3102, R. S. It must in detail "set forth the rights and titles of all persons interested therein, so far as

the same are known to the plaintiff." *Ibid.* "But in case any such person, or his share or interest, be unknown to the plaintiff, or be uncertain or contingent, . . . so that such person or his interest could not be named or set forth, the same shall be stated in the complaint; but no person whose title or interest appears of record, or *who is in the actual possession or occupancy* of any such lands, shall be considered or proceeded against as an unknown owner." *Ibid.* That section of the statute and others clearly imply that all persons having any right, title, or interest in the premises, which would be involved or necessarily affected by a complete partition or an absolute sale of the whole premises, must, if they are known, be made parties to the action. Secs. 3106–3109, 3116, 3118–3121, 3125, 3127, 3133, 3141, 3143, R. S. The same was the rule at common law. *Burhans v. Burhans,* 2 Barb. Ch. 398; *Kester v. Stark,* 19 Ill. 328; *Brashear v. Macey,* 3 J. J. Marsh. 93; *Batterton v. Chiles,* 12 B. Mon. 354; *Lancaster v. Seay,* 6 Rich. Eq. 111; *Harlan v. Stout,* 22 Ind. 488. The statute also provides that "any defendant may deny the joint tenancy or tenancy in common of any codefendant, and any issue of fact between the parties may be tried by a jury, as in other cases." Sec. 3105, R. S. The issue of fact to be thus tried by a jury has been held to relate only to questions between codefendants, and not to controverted questions of legal title *between the* plaintiff and a defendant where ejectment may be maintained. *Deery v. McClintock,* 31 Wis. 195. Where, in an action for partition, a controversy arises between the plaintiff and one or more of the defendants as to the legal title to the premises, the practice indicated by this court has been to the effect that either the proceedings in the case should be suspended until the plaintiff should establish his legal title at law, or the bill should be dismissed without prejudice to his right to file a new one after his legal title should be so established. *Deery v. McClintock,*

*supra; Hardy v. Mills,* 35 Wis. 141; *Tobin v. Tobin,* 45 Wis. 298. This was substantially the rule followed in *Giffard v. Williams,* L. R. 5 Ch. App. 546. This should be so especially where the plaintiff in such partition suit was not in the actual or constructive possession of the premises when such suit was commenced, and the person controverting his title was then in such actual possession. *Rozier v. Johnson,* 35 Mo. 326; *Forder v. Davis,* 38 Mo. 107. In fact, the statute seems to contemplate that such suit can only be maintained by one having the actual or constructive possession of the premises, or the right to the same. It provides that "such action may be maintained by any person who has any estate in possession of the lands of which partition is sought, but not by any one who has only an estate therein in remainder or reversion." Sec. 3101, R. S. Apparently upon this theory, it was held by this court that "it is a good answer to an action for partition that the defendant has an estate for life or widowhood in the land sought to be divided." *Hannan v. Oxley,* 23 Wis. 519.

The general rule at common law seems to be that no person has the right to enforce partition unless he has an estate in possession in the premises by virtue of which he is entitled to the present rents or use of the property as one of the co-tenants. Freem. Co-tenancy, §§ 446, 447; *Burhans v. Burhans,* 2 Barb. Ch. 398; *Brownell v. Brownell,* 19 Wend. 367; *Whitten v. Whitten,* 36 N. H. 326; *Hunnewell v. Taylor,* 6 Cush. 472; *Stryker v. Lynch,* 11 N. Y. Leg. Obs. 116; *Albergottie v. Chaplin,* 10 Rich. Eq. 428; *Law v. Patterson,* 1 Watts & S. 184; *Longwell v. Bentley,* 3 Grant's Cas. 177; *O'Dougherty v. Aldrich,* 5 Denio, 385; *Nichols v. Nichols,* 28 Vt. 228.

If *Ralph R.* in fact had the legal title and actual possession prior to the plaintiff's judgment, then, had he been a defendant, he could, upon the authorities cited, defeat this action. Claiming such legal title and possession, he may at

least force a suspension of the action until such controversy over the legal title may be determined. This being so, he is a necessary party to the action, to prevent partition until his claim of legal title and right to continue in possession shall be determined. The same is, in a sense, true in respect to *George D. McArthur*, claiming under his alleged mortgage. But we discover no interest that *Charles Stockman* can have in the premises, even upon the showing of the appellants. It was suggested on the argument that if the description in the deed and mortgage given by him were defective, they might be reformed in equity, and it may be that he would be a proper party to such a suit. It was intimated by Chief Justice DIXON, in *Deery v. McClintock, supra,* that where issues of title adversely claimed and asserted were of an equitable nature, they might be tried and determined in partition. 31 Wis. 205. Whether such reformation, or an action in the nature of *quia timet* (Freem. Co-tenancy, § 326), could be had in this equitable action for partition, it is unnecessary here to determine, since no such case was made in the application to be reinstated.

*By the Court.*— The order of the circuit court appealed from is affirmed, with costs, as to *Charles Stockman;* and reversed, with costs, as to *Ralph R. Stockman* and *George D. McArthur;* and as to them the cause is remanded for further proceedings according to law.