GIBSON and another, Respondents, vs. SOUTHWESTERN LAND COMPANY, imp., Appellant.

*November 14 — December 11, 1894.*

*Mortgages: Foreclosure: Pendency of action for partition: Interest upon interest: Solicitors' fee.*

1. The mortgagee of the whole of premises sought to be partitioned is not a necessary party (perhaps not a proper party) to the partition action; and, even though he is made a party thereto, the pendency of such action is not a bar to an action to foreclose the mortgage.
2. Upon the foreclosure of a mortgage, interest may be allowed on deferred payments of interest, as agreed in writing by the mortgagor.
3. Upon the foreclosure of a mortgage for $5,500 and $364 interest, an allowance of §100, solicitors' fee, as stipulated in the mortgage, is not unreasonable.

APPEAL from a judgment of the circuit court for Eau Claire county: W. F. BAILEY, Circuit Judge. *Affirmed.*

On January 23, 1888, the defendants William A. Bennett and wife, to secure to the plaintiffs the payment of four notes of the aggregate amount of $5,500, executed a mortgage to them on 480 acres of land, and the same was recorded January 24, 1888. In 1889 the appellant, a corporation duly organized, became the owner and in possession of the undivided one-half of said premises, and, soon after, the defendant R. K. Boyd became the owner and in possession of the other undivided half of said premises. On January 27, 1892, the appellant commenced an action of parti-

tion against said Boyd and wife; and the plaintiffs in this action, by reason of their ownership of said mortgage, were made defendants therein. These plaintiffs made default therein. The mortgagor and wife were not either of them made parties to that partition action.

On April 5, 1893, the plaintiffs commenced this action against said mortgagor and wife, and said Boyd and wife, and said company, for the foreclosure of said mortgage, and for a sale of the mortgaged premises, and for an application of the proceeds of the sale thereof towards the payment of said mortgage indebtedness, and for a judgment for any deficiency on said sale. All of said defendants made default in this action, except said company. The company answered and set up said partition suit still pending as a bar.

Upon the trial of said issue the court found as matters of fact, in effect, that all the allegations in the plaintiff's complaint herein were true, and that the allegations of the answer were untrue, and that there was due the plaintiffs herein for principal and interest the sum of $5,863.80, and also the sum of $100 as solicitor's fee, and found as conclusions of law that the plaintiffs were entitled to the relief demanded in the complaint; and it appearing from the proofs taken in open court that the mortgaged premises were so situated that they could not be sold in parcels without injury to the interests of the parties, and that the sale of the whole thereof will be beneficial to them, the court so found and determined accordingly. From the judgment of foreclosure and sale entered accordingly, the defendant land company appeals.

*J. F. Ellis*, for the appellant, contended, *inter alia*, that two actions involving the same subject matter cannot be maintained at the same time. The action in partition having been begun for the purpose of dividing the lands in controversy, or the proceeds thereof on its sale, the court will retain jurisdiction for all purposes relating to the land, in

order that a clear title may pass with each part or the whole. *Morse v. Stockman*, 65 Wis. 43; *Bogardus v. Parker*, 7 How. Pr. 305; *Townshend v. Townshend*, 1 Abb. N. C. 85; *Halsted v. Halsted*, 55 N. Y. 442. As to actions for partition in which mortgagee of whole interest is made party defendant, see Voorhies N. Y. Code (5th ed.), 592, notes *b* and *e*.

*W. H. Lander*, for the respondents.

CASSODAY, J. The plaintiffs were not joint tenants nor tenants in common with any of the other parties to the action. They had neither the actual nor constructive possession or right to the possession of the premises, and hence could not have maintained an action for partition. R. S. sec. 3101; *Morse v. Stockman*, 65 Wis. 36. As creditors having a lien upon the whole premises, they certainly were not necessary parties to the partition suit, and it may be questionable whether they were proper parties. R. S. sec. 3103. A creditor having a lien upon any undivided interest or estate in the premises sought to be partitioned is a proper, although not a necessary, party. *Ibid.* In such case the statute provides that, " if partition is made, such lien upon an undivided interest or estate shall thereafter be a charge only on the share assigned to the party against whom it exists, which share shall be charged with its just proportion of the costs in preference to such lien, *but in no other case shall such petition alter, affect, or impair the lien of any such creditor.*" R. S. sec. 3103.

Such being the law, it is manifest that the plaintiffs were not bound to refrain from the foreclosure of their mortgage, merely because they had been made defendants in such partition suit. Whether they could, by conduct in such partition suit, estop themselves from maintaining such foreclosure action, is a question not presented by this record. The respective suits seek different relief, are to secure entirely

different objects, and require different parties. We must therefore hold that the pendency of the partition suit was no bar to the commencement and maintenance of the foreclosure action.

The court was expressly authorized by statute, in the judgment, as here, to enjoin the defendants and all persons claiming under them from committing any waste or doing any act that may impair the value of such premises, at any time after the date of the foreclosure judgment. R. S. sec. 3164. It does not appear from the record that there was any oppressive or improper exercise of such authority in the case at bar.

We find no error in allowing interest on deferred payments of interest, as agreed in writing and signed by the mortgagor. Such agreement is expressly authorized by the statute. R. S. sec. 1689. Nor can we say that the allowance of $100 solicitor's fee, as stipulated in the mortgage, is unreasonable.

*By the Court.*— The judgment of the circuit court is affirmed.