Ellis vs. Allen and others.

Ellis, Appellant, vs. Allen and others, Respondents.

*May 4 — May 24, 1898.*

(1) *Undertaking on appeal: Waiver of irregularity.* (2-5) *Foreclosure of mortgages: Fraud: Attorney and client: Appeal: Objection to jurisdiction: Costs.*

1. The consent of the respondent that an undertaking on appeal, which on exception by him has been held insufficient, may be signed by a new surety, and when so signed be deemed satisfactory, is a waiver of any irregularity in that mode of procedure.

2. A mortgagee's attorney, having obtained a judgment of foreclosure, had his own brother appointed referee to make the sale, and caused the land to be bid off in the name of his own sister, the

Ellis vs. Allen and others.

plaintiff in this action, and the mortgagee, as joint purchasers, by that means attempting to secure for himself a half interest in property worth $1,700 on account of his claim for services amounting to less than $200. The sister had no interest in the mortgage and paid no money on the sale, but she claimed that the attorney had assigned his claim to her in payment for housekeeping, and it appeared that before the sale the attorney had sold the same claim to a third party, who, after the foreclosure sale, purchased the property from the mortgagee. In an action by the sister for partition, *held*, that the transaction was fraudulent.

3. An attorney, on foreclosing a mortgage, even if entitled to a lien for his services, is not thereby entitled to bid off the property at the sale in the name of another to preserve such lien; nor, even though the mortgagee may have consented that it be bid off in their joint names, which would give them interests in proportion to the amount invested by them respectively, is he authorized to substitute his sister in place of himself, so that she could claim a half interest.

4. A plaintiff who has brought a suit in equity cannot, on appeal by her, raise the objection that the defendants' answer contests her title, and the action should have been at law.

5. In the taxation of costs, witness' fees supported by the usual affidavit of disbursements may properly be taxed, notwithstanding an affidavit by a stranger to the effect that he is informed and believes that no fees were paid to a certain witness named in the bill of costs, and that he was not subpœnaed.

APPEAL from a judgment of the circuit court for Barron county: A. J. VINJE, Circuit Judge. *Affirmed.*

On March 4, 1898, the respondent moved to dismiss the appeal.

*James Wickham,* for the motion.

*C. F. Lamb, contra.*

The following opinion was filed March 22, 1898:

PER CURIAM. After the undertaking in this case had been served, defendants duly excepted to the sufficiency of the sureties. Notice was given that the sureties would justify before a commissioner. Both parties appeared, and upon the examination it was found that one of the sureties was

insufficient.    Thereupon plaintiff duly presented another surety, who was duly examined by defendants' counsel and found sufficient.    He then signed the original undertaking, with the consent of all concerned, and defendants' counsel expressed himself as satisfied therewith.    The undertaking so signed was sent up to this court.    Defendants now move to dismiss the appeal on the ground that no proper undertaking has been served.

The motion must be denied.    Consent that the new surety might sign the old undertaking is a waiver of any irregularity in the mode of procedure.    Motion to dismiss the appeal is denied, with $10 costs.

The facts were as follows:

Prior to April, 1892, one Whigam was the owner of a mortgage on W. $\frac{1}{2}$ of S. W. $\frac{1}{4}$, section 23, and E. $\frac{1}{2}$ of S. E. $\frac{1}{4}$, section 22, township 32, range 11 W., executed to him by Ole P. Engen and wife, for the sum of $1,000.    Whigam employed J. F. Ellis as his attorney to foreclose said mortgage; and on April 19, 1892, a judgment of foreclosure was entered for $1,271, principal and interest, and $160.12, solicitor's fees and costs.    W. H. Ellis, a brother of J. F. Ellis, was named as referee in the judgment to make sale of the mortgaged premises; and on August 31, 1894, he made a sale of the same, and caused them to be bid off in the names of Whigam and *Elizabeth A. Ellis* for $1,729.83, the latter being a sister of J. F. and W. H. Ellis, and a deed to them jointly was made, and the sale duly confirmed.    No money was paid at the time of the sale, and the amount for which the premises were sold was the amount due for principal, interest, and costs on the judgment at that time.    Afterwards, and on May 23, 1895, the *Southwestern Land Company* purchased Whigam's interest in the property; but the purchase price was paid by the defendant *E. W. Allen*, and the title was taken in his name as security for the money advanced by

him for the company. Plaintiff then commenced this action for a partition of said lands, claiming to be the owner of an undivided one-half of said premises.

The defendants answered, denying that plaintiff had any interest in the land, and alleged that the claim for services of J. F. Ellis in said foreclosure case, and for expenses incurred therein, had been duly sold and assigned to the *Southwestern Land Company*, after the entry of judgment, and before the sale. By way of counterclaim, they set up the facts as before stated, and alleged that the taking of the title at the foreclosure sale as aforesaid was without the knowledge or consent of Whigam, and was so taken in fraud of his rights; that plaintiff paid no part of the consideration at such sale, and had no interest, in fact, in said lands. They asked to have the apparent interest of plaintiff adjudged void, and that the title to said lands be declared in the defendant *E. W. Allen.*

The case came on for trial before the court, and the findings of the court are substantially as stated and as claimed by the defendants, and judgment was entered accordingly. Plaintiff moved for a new trial upon affidavits, claiming that Whigam was a material witness, and that she had not been able to secure his deposition; that she could prove by him that the title to the lands at the foreclosure sale was taken jointly in the name of plaintiff and Whigam by his express consent. The court denied the motion. Objections were made by plaintiff to certain items of disbursement mentioned in the opinion. The plaintiff appeals from the judgment and order denying a motion for a new trial.

For the appellant there was a brief by *H. G. Ellsworth,* attorney, and *J. F. Ellis,* of counsel, and oral argument by *J. F. Ellis* and *F. J. Lamb.* To the point that, since both parties derived their title from the same foreclosure judgment, sale, deed, and order of confirmation, neither could question its validity, they cited *Tucker v. Whittlesey,* 74 Wis.

74, 83; *Warner v. Frow*, 36 id. 195, 200; *Newton v. Marshall*, 62 id. 8, 15; *Allen v. Elderkin*, id. 627, 629; *Board of Sup'rs of Iowa Co. v. M. P. R. Co.* 24 id. 93; *Deery v. McClintock*, 31 id. 195, 200; *Geisinger v. Beyl*, 44 id. 260; *Salisbury v. Chadbourne*, 45 id. 76; *Allie v. Schmitz*, 17 id. 173; *Wolf River L. Co. v. Brown*, 88 id. 646.

For the respondents there was a brief by *Wickham & Farr*, and oral argument by *James Wickham*.

The following opinion was filed May 24, 1898:

BARDEEN, J. We do not care to enter upon any very prolonged discussion of the facts involved in this case. The findings of the trial court are so manifestly correct, and so amply supported by the testimony, that no useful purpose would be answered thereby. The plaintiff claims to be the owner of an undivided one-half interest in the premises in question. Her pretended claim of ownership is based upon the fact that her brother, an attorney, performed services for Whigam in foreclosing a mortgage on the same. His claim for services and disbursements was something less than $200. At the foreclosure sale, the referee, another brother of the plaintiff and her agent, caused the property to be bid off in the names of plaintiff and Whigam, the mortgagee. The plaintiff paid no money at the time, and had no interest in the premises or in the mortgage. The plaintiff was not a witness at the trial, but it was attempted to support her claim to the land by showing that her brother J. F. Ellis owed her for housekeeping, and had transferred to her his claim for services in the foreclosure suit.

We cannot view this feature of the case with any sort of patience. The attempt to secure a one-half interest in a farm, which sold at foreclosure sale for over $1,700, upon a claim resting upon so flimsy a foundation as this, is well calculated to test even judicial patience. The bidding off of the land in the manner noted was a wholly unwarranted

proceeding. The attorney may have been entitled to a lien for his services, but such lien did not invest him with authority to bid off the land at the sale in his sister's name to preserve the same. But the court has found, as we think upon ample evidence, that after the judgment of foreclosure was entered, and before the sale, Ellis sold his claim for services to the defendant the *Southwestern Land Company*. This throws still greater suspicion on the transaction. It is claimed by the attorney that he wrote to Whigam that he would sell on the foreclosure, and send his bill for services, and Whigam could pay him for what he had done, or he would bid off the property at the sale in his and Whigam's names in case the latter did not want to pay him for his services. He says also that he received a letter in reply, but that it had been sent to New York, and was not produced. Admitting, as is contended, that the attorney had authority to bid off the land as suggested, it gave him no right to cause the title to be taken in the name of the stranger. As between Whigam and the attorney, upon the consummation of such a sale, their interests in the land would be in proportion to the amounts each had invested therein. But, as soon as the stranger appears in the transaction, we find her claiming a one-half interest. It seems quite impossible to reconcile this situation upon any basis of good faith. Upon every theory of correct dealing between attorney and client, it merits the condemnation of defeat.

It is further urged by plaintiff that, the legal title being in controversy, the court ought to have sent the parties to a court of law to settle their dispute, as was suggested in *Deery v. McClintock*, 31 Wis. 195, and other cases in this court. So far as we are aware, in all of the cases bearing upon this question the objection to the jurisdiction of the court was asserted by the defendant. But here we have a plaintiff planting herself in a court of equity, with an answer served that contests her title, and after the whole question

Ellis vs. Allen and others.

has been litigated and she has been defeated, asking this court to reverse that decision, because, forsooth, the court ought not to have entertained the case. We more than half suspect that her true reason now for that contention is because she was sent out of court on the merits. As soon as the answer containing the counterclaim assailing her title was served, she was advised of her peril. She might then have changed the scene of action, and sought other intrenchments. But, having elected to continue the fight, she has left to her only the melancholy recourse of the defeated,— that of burying her dead, and carting the wounded to the hospital under a flag of truce.

Plaintiff objects to an item of $11.90 witness' fees, taxed by defendants for one Schultz. The taxation is supported by the usual affidavit of disbursements. Opposed to this is an affidavit of W. H. Ellis, who says that "he is informed and believes" that said witness was paid nothing to attend the trial, and was not subpœnaed. The item was properly allowed. The same may be said of the item of $5.52 for telegraphing. The affidavits printed upon which the motion for a new trial was made fail to show any good reason why the case should have been reopened. Several other objections to the findings were raised, but they are so unsubstantial that we do not deem it necessary to review them at length.

*By the Court.*— The judgment of the circuit court is affirmed.